CHEHARDY, Judge.
Defendant, Schwegmann Brothers Giant Super Markets, Inc. (Schwegmann’s), appeals a district court judgment in favor of plaintiff, Joyce Hall Dupor, in the sum of $7,325.35 together with legal interest from date of judicial demand and for all costs of the proceedings.
This case arises from a slip and fall incident involving the plaintiff which occurred in front of Schwegmann’s on North Broad Street in New Orleans, on February 29, 1978. At a trial on the merits Dupor testified she had purchased a large amount of groceries and that after she exited from the store, she left her groceries at a booth in front of the store. There she received a number and a Schwegmann’s employee watched her groceries while she went to get her car. She then drove it to the loading area, where a Schwegmann employee assisted her by handing the bags over the railing to her. She said she then closed the car door and started to walk around the vehicle *240 to get back in, when she fell forward at a point near the back part of the passenger side of the car and next to the iron railing of the booth. The plaintiff said that at the time of the incident she did not know what had caused her to fall and added she was assisted by employees of Schwegmann’s who took her back into the store, administered first aid, and wiped off a “substance” from under her shoes with paper towels.
Rita Alexander, an employee of the defendant who was stationed outside the store in the vicinity of the place where the accident occurred, testified by deposition that although she did not see Dupor fall, she saw her on the ground after she had fallen. Alexander also stated that after the plaintiff was taken inside the store, she saw a liquid of some kind on the ground where Dupor had fallen and which was later inspected by other store employees.
Donald Williams, a security officer at Schwegmann’s, testified by deposition that he first saw the plaintiff shortly after the accident, when she was brought to the security office. He stated that after he administered first aid to her he inspected the accident site located in front of the store and approximately 8 feet from the railing which prevents the shopping carts from being removed from the store. He added he found a “reddish” substance on the ground which he described as being more “slippery” than water and which was approximately 7 or 8 inches in diameter. He said he then called a porter to put cat litter on the substance. Williams also explained that the point where the accident occurred is not a parking lot but a “loading” area and that there are porters in the area to make sure the ground is kept cleared.
Defendant on appeal argues only that the plaintiff did not carry her burden of proof in the present case. We cannot agree.
In the case of Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1st Cir. 1978), the court established that a storekeeper has a duty to keep areas away from the display areas of the store, such as a parking lot, in a reasonably safe condition and he may not permit hazardous conditions of which he has actual or constructive notice to exist.
In the case of Calecas v. Great Atlantic and Pacific Tea Co., Inc., 330 So.2d 619, 620 (La.App. 4th Cir. 1976), this court addressed itself to the issue of the plaintiff’s burden of proof in such a case as the present one:
“At this point it is appropriate to discuss burden of proof. In slip-and-fall cases the burden of proof is onerous and, as a general observation, the litigant upon whom the burden ultimately rests, loses. The evidentiary problem in these cases was analyzed in Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976). The Court held that once the plaintiff proves he or she slipped on a foreign substance in a store that was not there due to his or her fault, then the store owner must assume the burden of exculpating itself from negligence. We quote from this clear and concise opinion:
‘The duty of a store owner to protect his customers from foreign substances on the floor is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. Kavlich v. Kramer, La., 315 So.2d 282 (1975); Tripkovich v. Winn-Dixie of Louisiana, Inc., La.App., 284 So.2d 80 (1973); Fontanille v. Winn-Dixie Louisiana, Inc., La.App., 260 So.2d 71 (1972), cert. denied, 261 La. 1064, 262 So.2d 44 (1972); Prosser, Law of Torts, § 61, pp. 392-393 (4th ed. 1971). * *’ ”
In Johnson v. Ins. Co. of North America, 360 So.2d 818, 819 (La.1978), the court held:
“When a customer in a self-service store proves injury resulting from a premise hazard, the burden shifts to the store operator to exculpate himself from the presumption of fault thereby arising and to establish his own freedom from fault. Gonzales v. Winn-Dixie Louisiana Inc., supra; Kavlich v. Kramer, supra. As these cases and the jurisprudence they cite illustrate, a premise hazard is a condition of the premises or of the store operation that results in an unreasonable risk of harm to customers under the cir *241 cumstances. See Restatement of Torts 2d, Sections 282, 289, and 291.”
In the present case it was established that a premise hazard did exist, i.e., a puddle of a substance “slipperier than water” in an area where patrons of the store were required to load their cars with the groceries they had purchased in the store. Such a situation also requires customers, such as the plaintiff, to focus their attention on the loading activity and increases the risk of harm from anything present on the ground in the area, and, correspondingly, the duty of the storekeeper to minimize the risk by frequent inspections and cleanups. See Calecas v. Great Atlantic and Pacific Tea Co., Inc., supra.
Plaintiff in the present case established there was a hazardous substance present on the ground in the loading area, and this substance caused her, through no fault of her own, to slip and fall. The duty to exculpate itself then shifted to the defendant, Schwegmann’s, to show that periodic inspections were made of the ai aa and that other protective measures taken were reasonable. The defendant produced absolutely no testimony in that regard, and, therefore, failed to so exculpate itself.
For the reasons assigned, the district court decision is affirmed.
AFFIRMED.