468 So.2d 656 (1985)
Grace FOSTER
v.
WALGREEN'S DRUG STORES, INC. and the Travelers Insurance Company.
No. CA-2518.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
*657 John A. Cvejanovich, New Orleans, for appellees.
Jennifer N. Willis & R. Glenn Cater, New Orleans, for appellant.
Before GARRISON, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a judgment denying appellant, Grace Foster's, claim for damages arising out of a slip & fall accident at a Walgreen Drug Store. We affirm.
The accident occurred on a rainy day as Ms. Foster was exiting the Walgreen Drug Store at Canal and Baronne Street in New Orleans. The exit at that particular store is a sloping triangular ramp made of terrazzo. As Mrs. Foster stepped onto the wet terrazzo surface, she slipped and fell, breaking her cocyx and aggravating a preexisting back condition. She alleged that water on the entry ramp may have caused her fall, and that regardless of the presence or absence of water, the ramp itself was unreasonably dangerous due to its slope and the material it was made of. She sought recovery under both negligence and strict liability theories.
At trial, both sides produced experts in engineering and architecture who presented their opinions as to the safety of the ramp, itself and of terrazzo as a material for exterior surfaces. The trial judge found the defendant's experts more credible, holding that "The persuasive expert testimony establishes that terrazzo is an acceptable outside walking surface and there was nothing unusual about this entranceway". We have reviewed the testimony and cannot say that this conclusion was manifestly erroneous. The trial judge's finding that the entry was not unreasonably dangerous is therefore affirmed.
Appellant also finds error in the judge's failure to adequately address the question of a foreign substance on the entry being the cause of the fall. We do not agree.
The only evidence presented at trial concerning the presence of a substance other than water on the entry was given by the appellant, on cross examination. Counsel for Walgreen asked Mrs. Foster:
Okay. So that when you fell, what you fell into was rainwater, right, I mean, it was water, it wasn't anything else.
Her response was:
I'm not so sure about that, because when I got up and the back of my dress was *658 wet, there was something red on the dress, it was a cream colored dress, and my cousin thought I was bleeding when she saw me, and I wasn't bleeding, so I don't know what that was and the black residue in the back of my dress, but I could never get my dress clean.
That testimony was equivocal at best. Appellant did not testify that she slipped on a substance other than water. Her previous testimony was that she noticed no substance other than water on the entry when she entered the store or as she left. At best, the testimony quoted above might indicate that appellant got some red substance on her dress when she fell.
It does not establish that she slipped on this substance and fell. In fact, the remainder of her testimony indicates that water was the only substance which played a part in her injury. A store owner is not the insurer of his customers' safety, and does not have a duty to keep its entryway and aisles in perfect condition; however, he must exercise ordinary care to provide reasonably safe conditions for his customers. Berglund v. F.W. Woolworth Co., 236 So.2d 266 (La.App. 4th Cir.1970), Lott v. Winn Dixie Louisiana, Inc., 280 So.2d 659 (La.App. 4th Cir.1973).
Walgreen could not have prevented the entry from becoming wet, given its exposure and the constant stream of customers walking across it. No evidence was introduced which would indicate that an unusual amount of rainwater had collected on the entryway on the day of the accident. Indeed, there was testimony from experts on both sides that the entry was sloped to prevent rainwater from accumulating on it. Thus, the design of the entry would seem to eliminate the risk that excessive water accumulating there would injure store patrons. We do not feel that mopping the store's sloped outdoor entry ramp in the rain would have prevented appellant's injury, or that it was reasonable to expect Walgreen to do so. Under these circumstances we conclude that Walgreen had fulfilled its duty to provide a reasonably safe entryway for its patrons, and affirm the trial judge's finding of no negligence.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.