499 So.2d 1081 (1986)
Rex D. McCARGAR, Plaintiff-Appellant-Appellee,
v.
BABIN MOTORS, INC., et al, Defendants-Appellees-Appellants.
No. 85-1065.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1082 George Griffing, Jonesville, for plaintiff-appellant-appellee.
Felix R. Weill of Watson, Blanche, and P. Chauvin Wilkinson, Jr., Thomas D. Benoit, Stanley K. Hurder, State Employees Group Program, Baton Rouge, Leo Boothe of Smith, Taliaferro, etc., Jonesville, for defendants-appellees-appellants.
Before FORET, STOKER and KING, JJ.
KING, Judge.
This appeal presents the issue of whether the trier of fact erred in finding that the plaintiff met his burden of proving that he slipped and fell on defendant's parking lot because of the presence of a foreign substance.
This "slip and fall" suit involves an action for damages sustained by Rex D. McCargar (hereinafter referred to as plaintiff) when he fell and broke his right hip in the parking lot at Babin Motors, Inc. (hereinafter referred to as defendant), in Jonesville, Louisiana. From a jury verdict finding the plaintiff 90% comparatively negligent and the trial court judgment awarding the plaintiff $23,000.00 in damages, all parties appeal. Finding that plaintiff did not meet his burden of proof, we reverse.

FACTS
On the afternoon of November 4, 1983, plaintiff, who was band director at Block High School in Jonesville, Louisiana, drove to Babin Motors to meet with Shelly Trisler, a salesman and school bus driver, to discuss arrangements for a band bus trip. It had been raining on and off that day. Plaintiff left Trisler's office and started walking across the parking lot towards his truck, retracing the same route he had earlier traversed to go into defendant's business offices. Since his right leg had been amputated above the knee and he was wearing an artificial leg, plaintiff was carefully watching the ground for changes in level and type of surface. While walking on the portion of the lot where the concrete and hot mix (asphalt) met, the plaintiff slipped and fell. Plaintiff was not able to determine the cause of his fall.
Plaintiff testified that a red stain was found on his light-colored pants after the fall, which suggested to him that a foreign substance was present on defendant's parking lot which caused him to slip. Witnesses at the scene testified that they did not notice any substance in the area where plaintiff was injured. The owner of Babin Motors testified that he examined the area with a flashlight the night of the accident and that he again examined the entire area the following morning but did not discover anything which could have caused plaintiff to slip. Defendant's witnesses stated the parking lot had been cleaned the day before and on the day of the accident.
The red stain was not noticed until after plaintiff's pants were taken off when he arrived at the hospital. Plaintiff's friend took the pants home with him and his wife later washed them, but was unable to remove the stain. Almost a year later, plaintiff's attorney retained a chemist who examined plaintiff's pants and made tests but who was unable to find any type of oily or greasy residue which could have been left by an automotive product and who could not determine what substance caused the stain on plaintiff's pants.
As a result of the fall, plaintiff sustained injuries for which he claims defendant is liable to him for damages. Plaintiff filed suit against Babin Motors and its insurer, American Hardware Mutual Insurance Company, seeking recovery for medical expenses, physical and mental injury, and travel expenses. The Board of Trustees, State Employees Group Benefits Program intervened seeking to enforce a subrogation claim for payments made to plaintiff under the terms of its insurance agreement with plaintiff.
Trial on the merits was held before a jury which found the plaintiff 90% comparatively negligent and awarded plaintiff a total of $230,000.00 in damages. The jury was instructed to apply the slip and fall negligence standard as set forth by the *1083 Supreme Court in Kavlich v. Kramer, 315 So.2d 282 (La.1975), and Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La. 1976), which places the burden on the defendant to exculpate himself from liability once the plaintiff has shown that a foreign substance on the defendant's premises caused him to slip and fall.
Plaintiff and intervenor timely appeal alleging as assignments of error that:
(1) The jury erred in finding the percentage of fault and costs attributable to the plaintiff was 90%; and
(2) The trial court erred in not imposing upon the defendant the burden of proving plaintiff's contributory negligence by a preponderance of the evidence.
Defendants appeal alleging as assignments of error that:
(1) The jury erred when it found fault on the part of Babin Motors, Inc.;
(2) The trial judge erred when he instructed the jury as to the duty of defendant towards the plaintiff in this slip and fall case;
(3) The jury abused its discretion in determining the full amount of damages due to the plaintiff was $230,000.00.

DEFENDANT'S LIABILITY
The evidence in the record shows that the plaintiff slipped and fell on the parking lot of defendant's car dealership. This court has set forth the requirements for the showing of a prima facie slip and fall case as follows:
"In slip and fall cases a prima facie case is established when the plaintiff shows that he slipped, fell and was hurt because of a dangerous condition on the premises." Bordelon v. Southern La. Health Care Corp., 467 So.2d 167, at page 169 (La.App.3rd Cir.1985), writ den., 469 So.2d 989 (La.1985).
The burden of proof in a slip and fall case is initially on the plaintiff, who must show that he fell and was injured because of the presence of a foreign substance or "premises hazard." With reference to the plaintiff's burden of proof in such cases, the First Circuit has stated that:
"This court in Stillwell v. Winn-Dixie Hill, Inc., 146 So.2d 707 (La.App. 1st Cir.1962) held that in the absence of testimony showing that there was a foreign substance on the floor, there was no basis on which the defendant storeowner could be held negligent." Ruffin v. Trapp Chevrolet Inc., 424 So.2d 1192, at page 1194 (La.App. 1st Cir.1982).
The presumption of fault on the part of the defendant does not arise until the plaintiff can prove his injuries resulted from a premise hazard. Jackson v. Fireman's Fund Ins. Co., 436 So.2d 698 (La.App. 3rd Cir.1983), writ den., 441 So.2d 217 (La. 1983); Kinchen v. J.C. Penney Co., Inc., 426 So.2d 681 (La.App. 1st Cir.1982). Premise hazard has been defined as "a condition or operation of the premises that results in an unreasonable risk of harm to customers under the circumstances." Bordelon v. Southern La. Health Care Corp., supra; Watson v. West Bros. of Ville Platte, Inc., 399 So.2d 771 (La.App. 3rd Cir.1981). It has also been shown to exist "when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition." Kinchen v. J.C. Penney Co., Inc., supra.
Plaintiff claims that he fell and later discovered red stains on his pants, which showed that a foreign substance must have been present. He did not, however, prove that he slipped because of a foreign substance that was actually found on the parking lot. In fact, plaintiff merely testified that he fell, without reason, as evidenced by the following excerpt taken from the trial transcript:
ATTORNEY: "Now you ... you ... you fell and you say you don't know what caused you to fall down there?"
PLAINTIFF: "I was just down."
It has been established that when a person falls and a stain is later discovered on his clothes, it does not prove that the party slipped on a foreign substance. The court *1084 recognized this principle in Foster v. Walgreen's Drug Stores, Inc., 468 So.2d 656 (La.App. 4th Cir.1985), in which it reasoned:
"The only evidence presented at trial concerning the presence of a substance other than water on the entry was given by the appellant, on cross examination. Counsel for Walgreen asked Mrs. Foster:
`Okay. So that when you fell, what you fell into was rainwater, right, I mean, it was water, it wasn't anything else.'
Her response was:
`I'm not so sure about that, because when I got up and the back of my dress was wet, there was something red on the dress, it was a cream colored dress, and my cousin thought I was bleeding when she saw me, and I wasn't bleeding, so I don't know what that was and the black residue in the back of my dress, but I could never get my dress clean.'
That testimony was equivocal at best. Appellant did not testify that she slipped on a substance other than water. Her previous testimony was that she noticed no substance other than water on the entry when she entered the store or as she left. At best, the testimony quoted above might indicate that appellant got some red substance on her dress when she fell.
It does not establish that she slipped on this substance and fell." Foster v. Walgreen's Drug Stores, Inc., 468 So.2d 656, at pages 657, 658 (La.App. 4th Cir. 1985).
Plaintiff never established that he slipped on a foreign substance. No such substance was seen by anyone at the site of the accident. When the stain on plaintiff's pants was later examined and tested by plaintiff's own expert, the expert could not determine the identity of the stain. While the expert did state that the stains were the color that one would expect to see from a stain that is caused by automatic transmission fluid, he could not determine that this stain was actually caused by that substance. He stated that the stain could have been caused by a number of substances, including methiolate from the hospital. A defense witness also testified that transmission fluid which leaked out of a car would be black rather than red.
Thus, the cause of the stain was never actually determined. It could have derived from a number of sources besides the parking lot. Witnesses testified that a multi-colored quilt was placed on plaintiff's shoulders after the accident to keep him sheltered from the rain. The stain could have derived from this source just as it could have occurred during plaintiff's transportation in an ambulance to the hospital or while in the hospital. The stain was not actually noticed until plaintiff's pants were removed from him at the hospital.
Since plaintiff did not meet his initial burden of proving that his slip and fall was caused by a hazardous condition on the defendant's parking lot, an inference of defendant's negligence never arose. "It is only after facts sufficient to establish the existence of a premise hazard have been proven by the plaintiff that the burden, to exculpate himself from a presumption of negligence, shifts to the defendant-storekeeper." Jackson v. Fireman's Fund Ins. Co., supra, at page 701.
Courts have noted that the burden on the patron differs according to where the patron is situated on the premises of the commercial establishment. With reference to the patron's burden of proof in instances where he is away from the display areas of the store, such as in a parking lot, the First Circuit has stated that:
"[A] storekeeper has the same duty to keep such areas in a reasonably safe condition, and he may not permit hazardous conditions of which he has actual or constructive notice, to exist. On the other hand, the patron in such areas is charged with using reasonable care for his own safety, and must see and avoid obvious hazards. The patron in the display areas does not have this burden *1085 because his attention is attracted to the items displayed on the shelves of the store." (Citations omitted.) Bolin v. National Tea Co., 359 So.2d 690, at page 691 (La.App. 1st Cir.1978).
In a situation involving accidents away from display areas such as parking lots, a patron must use reasonable care for his own safety. The court must take into consideration the nature of the business premises and the type of surface the patron is traversing in determining the patron's initial burden of proof.
In this case, plaintiff was familiar with the nature of defendant's premises since he had been there on several occasions. He also admitted that because he had an artificial leg, he was more attentive to his surroundings than the average person since he had to be aware of changes in levels of the terrain. On the day of the accident, plaintiff said that he had carefully examined the parking lot for obstructions as he entered and again as he exited, while retracing his route of entry, and saw nothing prior to his fall. Plaintiff has failed to establish that a foreign substance was on the defendant's parking lot causing him to slip and fall and sustain injuries. We find that plaintiff did not meet his initial burden of proof that he fell and sustained injuries due to the existence of a premise hazard on defendant's parking lot and that no presumption of fault on the part of the defendant has been established nor has defendant's negligence been proved.
For this reason we find the trier of fact was manifestly in error and clearly wrong in finding fault on the part of the defendant. It is unnecessary for us to address the other related issues in this case, since we have found that defendant is not liable.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. Judgment is entered in favor of defendants, Babin Motors, Inc. and American Hardware Mutual Insurance Company, and against plaintiff, Rex D. McCargar, and intervenor, The Board of Trustees, State Employees Group Benefits Program, dismissing their claims, with prejudice. All costs of the trial court and the appellate court are taxed against plaintiff-appellant.
REVERSED AND RENDERED.