523 So.2d 914 (1988)
Eugene N. RUTLEDGE, Plaintiff-Appellant,
v.
BROOKSHIRE GROCERY CO. d/b/a Super 1 Food Store, Defendant-Appellee.
No. 87-255.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
Rehearing Denied May 2, 1988.
Howard N. Nugent, Alexandria, for plaintiff-appellant.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Sam N. Poole, Alexandria, for defendant-appellee.
Before FORET and LABORDE, JJ., and REGGIE, J. Pro Tem.[*]
*915 LaBORDE, Judge.
In this "slip and fall" case plaintiff, Eugene N. Rutledge, was injured in the parking lot of the Super 1 Food Store in Alexandria. Plaintiff filed suit against the Brookshire Grocery Co. d/b/a Super 1 Food Store (Super 1) alleging that its negligence caused him to fall and sustain serious injury. A jury of twelve found in favor of Super 1 and plaintiff now appeals. We affirm.

FACTS
On September 10, 1985, at about 2:00 p.m. plaintiff went with his father to the Super 1 Food Store. His father drove and he rode in the passenger seat of his father's oversized "Dooly" pickup truck. It was a bright, hot, and dry summer day. The two waited in the pickup truck for a lady to load her groceries into her car and back out of a parking space. Plaintiff's father then drove his "Dooly" into the space vacated by the lady. Plaintiff and his father were allegedly discussing what groceries he would buy and how long he would be in the store (while his father waited in the "Dooly"). Plaintiff continued his discussion with his father after they parked. Plaintiff, who at the time of the accident weighed 360 pounds, then proceeded to step down from the "Dooly" to the pavement. He was still talking to his father at this time and did not see where he stepped. He descended onto a tomato and fell onto the pavement. Plaintiff was then unable to raise himself from the pavement as he had sustained a back injury. He remained on the "brushed concrete" surface until he was taken away in an ambulance. His injury was diagnosed as a spinal disc disorder. There is some dispute as to the actual extent of the injury caused by this accident as about one month later plaintiff sustained further back injuries when ambulance attendants dropped the stretcher on which he was being transported down a flight of stairs.
Plaintiff now asserts four assignments of error by the trial court:
(1) The trial court did not properly instruct the jury as to the shifting of the burden of proof once plaintiff has proven the existence of an unreasonable risk of harm resulting in his injuries.
(2) The trial court erroneously allowed defendant to use photographs as evidence which did not accurately portray the facts of this case.
(3) The trial court abused its discretion in failing to grant a new trial and/or a Judgment Notwithstanding the Verdict because defendant did not present evidence of periodic inspections of the parking lot.
(4) The trial court abused its discretion in failing to award damages to plaintiff.

JURY INSTRUCTIONS
Plaintiff contends that the jury instructions given by the trial court were erroneous. The trial judge instructed the jury as follows:
"Store owners are not the insurers of the safety of their patrons, but are only under a duty to keep their parking lots in a reasonably safe condition for use in a manner consistent with the purposes for which the premises are intended. They must keep the parking lot in a reasonably safe condition and may not permit hazardous conditions of which they have actual or constructive knowledge to exist. The store owner must keep the premises free of defects or conditions in the nature of hidden traps or pitfalls which are not known to the visitor and which would not be observed by him or her in the exercise of reasonable care. However, the patron is charged with using reasonable care for his own safety and must avoid obvious hazards."
In reviewing the state of the law in "slip and fall" cases, we note that a distinction exists between those accidents occurring inside of a store and those happening outside, in a store's parking lot. We will first consider those cases where a plaintiff has *916 sustained an injury due to a slip and fall inside of a store.

INSIDE OF STORE
The Louisiana Supreme Court recently considered the applicable law in slip and fall cases occurring inside of a store in McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987). That case relied heavily on two cases that the Court had previously decided Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984), and Kavlich v. Kramer, 315 So.2d 282 (La. 1975). The McCardie Court reaffirmed the rules applied in Brown and Kavlich.
In Kavlich the plaintiff slipped and fell on a banana peel located at the entrance of a self-service convenience store. In holding the store owner liable for plaintiff's injuries the court stated that a store owner owes an affirmative duty to those who use his premises to exercise reasonable care to keep aisles, passageways, and floors in a safe condition. Kavlich, 315 So.2d at 284. That duty includes a reasonable effort to keep objects off of the floor that might give rise to a slip and fall. Elaborating on why the grocer is subjected to such a high standard of care, Kavlich stated:
"Self service grocery stores require customers to look for and to find the objects which they wish to purchase. These objects are placed upon shelves of various sizes and heights. Discernment of a particular object for purchase requires fairly strict surveillance of the shelving in order to discover the item desired. Numerous items displayed upon shelving along the aisles or walkways in self-service stores entice the customers to focus their eyes upon the display rather than on the surface upon which they walk."
Id. at 284. The court then found that the plaintiff proved that she was injured when she slipped on the banana peel located at the entrance of the store and she was in no position to prove that the peel was there due to the negligence of the store owner. Thus the court held that once the plaintiff proved that she slipped on a foreign object on the floor, a presumption of negligence of the store owner arises. The burden then shifts to the store to present evidence to exculpate itself from the presumption that it was negligent. Id. at 285.
Brown involved a plaintiff who sustained injuries when she slipped and fell on rice scattered on the floor of a grocery store. In considering plaintiff's claim, the Court noted the Kavlich rule shifting the burden of proof to the defendant to exculpate itself once the plaintiff proved that she slipped on a foreign object located on the floor of the store. The Court then stated:
"The critical effect of the partial shifting of the evidentiary burden was the virtual elimination of proof of actual or constructive knowledge as an element of plaintiff's case. The spill of a foreign substance onto the floor is caused either by a store employee or by a customer. Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers. Implicit in the change of judicial attitude regarding constructive knowledge is the consideration that diligent protective measures by store operators will lead to the actual discovery of most hazards. Indeed, this consideration is the very basis for imposing the duty on the store operator to utilize adequate protective measures that lead to the actual discovery of dangerous conditions. The degree of vigilance, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations."
Brown, 452 So.2d at 687. The court further stated that the proper inquiry to make is whether the store operator took reasonable steps to fulfill and correct dangerous conditions reasonably anticipated in its business activity. One such reasonably anticipated risk is that someone will cause a substance to fall or to spill onto the floor which will create a hazard to customers. If the store operator does not conduct store *917 inspections, he is unlikely to discover such unreported hazards. Id. at 687.

OUTSIDE OF STORE
In Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1st Cir.), writ denied, 362 So.2d 577 (La.1978), the duty owed by a store owner to a plaintiff injured in a slip and fall outside of a store was considered. That case involved a plaintiff walking outside of a grocery store who stepped off of a curb and onto a Coke bottle that was lying on the ground. She slipped, fell, and was injured. The court held that a store owner owes the same duty to its patrons outside of the store as it does inside of the store. Thus, similarly, when a plaintiff proves that he was injured when he slipped and fell on a foreign object located on the parking lot grounds, a presumption of negligence arises as to the defendant store owner. That presumption may then be rebutted, as in indoor cases, by the defendant showing that it took reasonable precautions to prevent such hazards. However, the court did draw a distinction from the indoor cases as to the duty of care owed by the plaintiff. The court stated that a patron walking outside of the store has a duty to use reasonable care for his own safety and to see and avoid obvious hazards. The court pointed out that the duty of a patron walking inside of the store is lessened because his attention is attracted to the items displayed on the shelves of the store. Id. at 691. This court has recognized the patron's increased duty of awareness outside of a store in McCargar v. Babin Motors, Inc., 499 So.2d 1081, 1084 (La.App. 3d Cir. 1986). Therefore, it is apparent, that if the presumption of negligence arises as to the defendant, he may attempt to rebut it by showing evidence of adequate cleanup measures. Regardless of whether these measures are enough to rebut the presumption, the defendant may also rely on a showing of contributory negligence by the plaintiff in not using reasonable care to avoid obvious hazards. After reviewing the jury instructions given by the trial judge, we agree with the appellant that the instructions given were erroneous.

ERRONEOUS INSTRUCTIONS
The Louisiana Constitution expressly extends jurisdiction of appellate courts in civil cases to the review of facts as well as law (La. Const. art. V § 5). Thus an appellate court may render a judgment on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Gonzales v. Xerox Corporation, 320 So.2d 163, 165 (La.1975). When an appellate court has all of the facts before it, a trial judge's erroneous instruction to the jury does not warrant remand. Id. Further there is the practical consideration of judicial economy. "Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide." Id. at 166. See also Davis v. United Parcel Service, 427 So.2d 921 (La.App.3d Cir.), writ denied, 433 So.2d 1053 (La.1983).
The jury instructions given by the trial court were erroneous as they did not properly reflect the presumption of negligence that must be overcome by the defendant once the plaintiff has proven that he slipped and fell on a foreign object located on the store's parking lot. Plaintiff preserved this issue for review on appeal by properly objecting to the jury instructions. Since we have the entire record before us, we will consider the merits of this case.
Plaintiff presented sufficient proof that he was injured when he slipped and fell on a tomato located in the parking lot of defendant's grocery store. Defendant presented no evidence to the contrary. Thus the presumption of negligence of the defendant applies. The burden then shifts to the defendant to rebut this presumption. He may exculpate himself from this presumption by proving that he was reasonably prudent in his efforts to keep the floors (or parking lot) in a reasonably safe condition and free from foreign objects and substances. Kavlich, 315 So.2d at 285. In these types of cases ("slip and falls"), defendants have normally attempted to prove reasonable prudence by showing evidence of adequate cleanup and inspection measures *918 under the circumstances. See Marshall v. Landmark Land Co., Inc., 383 So.2d 418 (La.App. 4th Cir.1980).
Defendant presented the testimony of Greg Skelly, the co-manager of Super 1, who described the cleanup procedures of the store. He stated that a cleanup service swept the parking lot with a sweeper truck on Sunday and Thursday mornings. Also a utility clerk would thoroughly clean the lot for 2 or 3 hours each morning beginning at about 6:00 a.m. Skelly also stated that he and the other managers would visually check the parking lot throughout the day to make sure that buggies did not stack up and to pick up any debris in the lot. We find that the above described procedure is sufficient evidence of adequate cleanup and inspection measures to rebut the presumption of negligence.
As previously stated, a store patron has a higher duty of care when he is walking outside of a store than when inside where various displays are located and are designed to attract the shopper's attention. He must use reasonable care to see and avoid obvious hazards. Bolin, 359 So.2d at 691.
There are potential reasonable distractions that could hinder a patron's ability to see and avoid such hazards when walking outside of a grocery store. One such distraction may be created when the patron is carrying bags of groceries and is unable to look down and see where he is walking. See Dupor v. Schwegmann Brothers Giant Super Markets, Inc., 400 So.2d 239 (La.App. 4th Cir.), writ denied, 406 So.2d 611-612 (La.1981). However, in the present matter, we find there was no such reasonable distraction to hinder plaintiff's ability to see and avoid obvious hazards. Rutledge's only explanation for not seeing the tomato as he stepped down from the truck is that he was talking to his father and could not see the tomato because it was in a "blind spot."
After reviewing all of the facts set forth in the record, and the applicable law, we affirm the jury's decision to deny Rutledge recovery. Defendant presented ample evidence of adequate cleanup and inspection measures. Thus defendant rebutted the presumption of negligence by proving that it was reasonably prudent in its efforts to keep the parking lot in a reasonably safe condition and free from foreign objects and substances. We also find (although it is not necessary for us to do so) that the plaintiff did not use reasonable care to see and avoid obvious hazards located in the parking lot. Thus Rutledge is denied any recovery from Super 1.

JNOV/NEW TRIAL
Plaintiff contends that the trial court erred in not granting a new trial and/or JNOV based upon the allegation that defendant did not present evidence of periodic inspections of the premises. A motion for a judgment notwithstanding the verdict can only be granted by the district judge when, without weighing the credibility of the evidence or the witnesses, there cannot be but one reasonable conclusion as to the correct and proper judgment. Alumbaugh v. Montgomery Ward & Co., Inc., 492 So.2d 545, 547 (La.App.3d Cir.), writ denied, 495 So.2d 304 (La.1986). "Where there is such evidence upon which reasonable men might render a verdict in favor of the nonmoving party, or where there is conflicting evidence, a judgment notwithstanding the verdict should not be awarded." Id. Rutledge's basis for alleging that a JNOV should have been granted is the failure of the defendant to present evidence of periodic inspection measures. As previously stated, the defendant did present evidence of periodic inspections. In fact, we feel that the evidence presented by the defendant was sufficient to exculpate it from the presumption of negligence. We, therefore, affirm the trial court's decision not to grant plaintiff's request for a JNOV.
In accordance with LSA-C.C.P. art. 1972, a new trial shall be granted in the following situations:
(1) when the verdict or judgment appears clearly contrary to the law and the evidence.
(2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
*919 (3) when the jury was bribed or has behaved improperly so that impartial justice has not been done.
The trial court may also use its discretion to grant a new trial for good grounds. LSA-C.C.P. art. 1973. Under Article 1972, the only potential grounds for plaintiff to assert a right to a new trial would be to assert that the judgment is clearly contrary to the law and evidence. We have already reviewed the facts of this case and the applicable law and have found the trial court's judgment to be correct. Thus Article 1972 does not present a basis for a new trial for plaintiff. Under Article 1973, plaintiff would have been required to show good grounds for the trial court to grant the new trial. The established rule in cases where a motion for new trial is based on discretionary grounds is that unless an abuse of discretion can be demonstrated, the appellate court will not reverse the trial court's action. Simas v. Hicks, 381 So.2d 949, 950 (La.App.3d Cir.1980). We hold that the trial court did not abuse its discretion in not granting plaintiff a new trial.
We thus affirm the trial court's decision not to grant plaintiff a JNOV or a new trial.

DEFENDANT'S PHOTOGRAPHIC EVIDENCE
Plaintiff next asserts that the trial court should not have allowed defendant to submit photographs of the accident scene taken from a pickup truck. These photographs depicted a tomato lying on the ground outside of the pickup truck. Plaintiff contends that these photographs are not accurate. Plaintiff apparently disputes the positioning of the tomato as the record reflects that the photographs were taken at the same time (2:00 p.m.), on the same type of day (bright and sunny) and at the same place (the same parking space at the same Super 1 Food Store) that this accident occurred. The defendant submitted these photographs which were taken by James Stevens, a legal investigator. Mr. Stevens testified that he took the photographs based upon information stated in the plaintiff's deposition as to the approximate location of the truck and the tomato. On cross-examination, Mr. Stevens stated that the pictures were similar to what the scene would have looked like on the date of the accident, but said: "I'm not suggesting that they're identical." Plaintiff then objected to the photographs as inadmissible; however, the trial judge disagreed and admitted them into evidence.
The trial court may use its discretion in determining if a photograph has been sufficiently authenticated. Usually authenticating evidence must show that the photograph is a substantially true and faithful representation of the place, person, or object it purports to portray. Even if the photograph is not substantially correct, it may be admissible if it is sufficiently correct to be helpful and any inaccuracies are explained. Malone v. Shelter Ins. Co., 503 So.2d 1100 (La.App.3d Cir.), writ denied, 505 So.2d 1143 (La.1987). In the present matter, the trial judge used his discretion and admitted the photographs without stating the degree of accuracy that he felt the photographs contained. We feel that the trial judge would not have been erroneous if he had found the photographs to be "substantially correct." Even if only "sufficiently correct," any possible inaccuracies were explained by Mr. Stevens on cross-examination. The trial court did not err in admitting the photographs.

DAMAGES
Finally, plaintiff asserts that the trial court abused its discretion in failing to award him damages. It is obvious that plaintiff was injured by the fall in the Super 1 parking lot. However, we hold that plaintiff is not entitled to recover damages from Super 1. We base our decision on the fact that Super 1 rebutted the presumption of negligence and also on plaintiff's failure to observe an obvious hazard (the tomato).
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.
NOTES
[*] Honorable Edmund M. Reggie, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.