BYRNES, Judge.
Plaintiff, Joseph N. Clesi, Jr., appeals a judgment dismissing his personal injury action based on a slip and fall accident. We affirm.
Plaintiff brought suit against Tenneco Inc. a/k/a Tenneco Oil Company (Tenneco); and its insurer, The Insurance Company of North America a/k/a CIGNA. Plaintiff alleged that on December 6, 1986 he injured his left arm and shoulder when he slipped and fell on a bottle located near a self service island in a gasoline station/convenience store maintained by Ten-neco at the intersection of Claiborne Avenue and Franklin Avenue in New Orleans. After a bench trial, the district court dismissed plaintiff’s suit at his costs. In its Reasons for Judgment, the trial court stated that the defendant provided adequate cleanup procedures and that there was nothing to prevent the plaintiff from seeing the bottle on the pavement.
On appeal, plaintiff contends that the trial court erred in finding adequate cleanup procedures and failing to determine the degree of negligence of defendants and plaintiff. Defendants argue that the plaintiff failed to carry his burden of proof that plaintiff fell on a bottle in the gas station.
Whether or not the plaintiff’s accident occurred in the gas station, the defendants are not liable if they show that their cleanup procedures were adequate. The duty of the store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Ritchie v. S.S. Kresge Co. Inc., 505 So.2d 831 (La.App. 2nd Cir.1987), writ denied, 507 So.2d 227 (La.1987).
In McCardie v. Wal-Mart Stores, 511 So.2d 1134 (La.1987), the Louisiana Supreme Court ruled that merely proving adequate cleanup procedures is insufficient to prove a spill was not caused by one of the store's employees in a slip and fall accident in a commercial establishment. However, a different standard applies where an accident occurs in the store’s parking lot. To overcome a presumption of negligence, the owner must show adequate cleanup measures or that the plaintiff was not using reasonable care. Rutledge v. Brookshire Grocery Co., 523 So.2d 914 (La.App. 3rd Cir.1988). The patron has an increased duty of awareness outside of a store. McCargar v. Babin Motors, Inc., 499 So.2d 1081 (La.App. 3rd Cir.1986). The plaintiff must use reasonable care to avoid obvious hazards. Rutledge, supra, 523 So.2d at 917. Plaintiff contends that the stricter McCardie standard applies because the self-service gas pumps create distractions hindering a patron’s ability to see and avoid hazards. Plaintiff’s contention that he was *994 occupied with operating the self-service equipment is not supported by plaintiff’s testimony that when he stepped out of his car, he was going to the store to pay for his gas in advance. Therefore, the Rutledge standard for a location on an outdoor lot applies.
Although they were not present and did not work at that Tenneco station on December 6, 1986, Tenneco employees, Wy-lene McDevitt and Eric Julien, testified that rules and regulations provided for cleanup in Tenneco gas stations and inside convenience stores at the end of every shift. The Tenneco cleanup policy also required cleanups during shifts of anything that might be spilled. Cleanups included mopping, sweeping, cleaning parking lots and cleaning down pumps. We conclude that the defendants proved they were reasonably prudent in their efforts to keep the lot in a reasonably safe condition and the cleanup procedures were adequate under the Rutledge standard. Additionally, we do not find distractions that would hinder plaintiffs ability to see and avoid obvious hazards.
For the foregoing reasons, the judgment of the district court dismissing plaintiff’s suit is affirmed with plaintiff to pay costs of appeal.
AFFIRMED.