595 So.2d 754 (1992)
Lucy HESS
v.
SCHWEGMANN GIANT SUPER MARKETS, INC.
No. 90-CA-2045.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1992.
George R. Blue, Jr., Blue, Williams & Buckley, Metairie, for defendant-appellant.
Stephen P. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellee.
Before KLEES, BYRNES and PLOTKIN, JJ.
BYRNES, Judge.
Defendant, Schwegmann Giant Super Markets, Inc. (Schwegmann), appeals a judgment in favor of Lucy Hess based on a slip and fall accident. We reverse.
On September 1, 1989, Lucy Hess went to Schwegmann's located in Chalmette, Louisiana with her daughter, Carol Ford. They testified that Mrs. Hess initially fell but caught herself by the soap aisle. They related that on a second occasion, Mrs. Hess fell and was injured near the frozen food section leading to the dairy case where Mrs. Hess slipped on a liquid substance which appeared to be coke. Mrs. Hess and her daughter testified that the accident occurred shortly after they went to the store between 1:45 and 2:00 p.m. After the accident, they went directly to the customer service department and then to an office where a security guard filled out a report which Mrs. Hess signed. The Schwegmann security guard, Kenneth Mitchell, noted the time on the customer accident report as 4:55 p.m. Mrs. Ford testified that another customer, a lady, had helped her mother up and called for someone to clean up the area. However, Mrs. Ford testified that she did not relate this to the security guard. Mrs. Hess did not testify about the assistance of another customer.
On appeal, Schwegmann contends that the trial court erred in finding that the defendant failed to exculpate itself from the presumption of negligence and liability. *755 Schwegmann also claims that the damage award is excessive.
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. LSA-R.S. 9:2800.6. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Clesi v. Tenneco, Inc., 560 So.2d 992 (La.App. 4th Cir.1990); Broussard v. Delchamps, 571 So.2d 855 (La.App. 3d Cir.1990), writ denied 575 So.2d 370 (La.1991). Plaintiff bears the burden of proving that a foreign substance or hazard caused her to fall and sustain an injury; once such facts are established, the burden shifts to the defendant to exculpate himself from the presumption that he was negligent. Crandell v. Winn-Dixie Louisiana, Inc., 580 So.2d 967 (La.App. 5th Cir.1991). To exculpate himself from liability, the merchant is required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident occurred. LSA-R.S. 9:2800.6(C); Manieri v. National Tea Co., 573 So.2d 1268 (La.App. 4th Cir.1991).
The trial court's determination that Mrs. Hess's accident was caused by a hazardous condition on the merchant's premises is reasonable in light of the testimony of Mrs. Hess and her daughter. As the determination is not clearly wrong, it may not be disturbed on appeal. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Rosell v. ESCO, 549 So.2d 840 (La.1989). Therefore, the burden shifted to Schwegmann to exculpate itself from liability.
Although the time of the accident is disputed, the accident occurred either between 1:45 and 2:00 p.m. or around 4:40 to 4:50 p.m. The Schwegmann porterette, Stella Lund, testified that the area in which Mrs. Hess fell by the frozen food section was between aisles 14 and 15. The porterette related that it was her job to inspect, sweep, mop and clean aisles in her zone, including the area where the plaintiff fell. She kept a written log record along with her cart containing her cleaning equipment.
Assuming that the accident occurred around 4:40 to 4:50 p.m., plaintiff argues that Ms. Lund did not inspect Aisle 15A and 15B since 3:56 p.m. and she left work at 4:34 p.m., having last inspected Aisle 14B. Therefore, plaintiff asserts that Mrs. Lund had not inspected the accident location almost an hour before the injury occurred. Ms. Lund testified that moving from Aisle 11A to 11B, she crossed the center aisle and inspected the area between Aisles 14 and 15 near the center aisle between 4:24 and 4:26 p.m. According to the log sheet she again crossed the center aisle going from 12A to 12B between 4:28 and 4:30 p.m. She testified that she again inspected Aisles 14 and 15 near the center aisle and that she would have noticed a coke spill in the frozen food section on the light colored floor from her experience as a porterette.
If the accident occurred at approximately 2:00 p.m., Ms. Lund testified that she crossed the center aisle at 1:05 p.m. when she was in aisle 10B. According to the log sheet, she crossed the center aisle between 1:08 and 1:10 p.m., moving from 11B to 11A; between 1:19 and 1:21 p.m., moving from 12A to 12B; and again between 1:23 and 1:25 p.m., moving from 14B to 14A. (The store did not have an Aisle 13.) Ms. Lund again crossed the center aisle between 1:50 and 1:51 p.m., moving from Aisle 10A and 10B, and between 1:55 and 1:59 p.m., moving from Aisle 11B to 11A. Ms. Lund related that she would look at the frozen food area section between Aisle 14 and 15 each time she observed conditions up and down the center aisle. She testified that if there had been a coke spill, she would have been able to see it in the frozen food area, would have cleaned it up, and would have recorded it.
The record provides no proof that any of Schwegmann's employees created the hazard. Because Schwegmann provided the testimony of Stella Lund, the porterette responsible for the subject area, and because Ms. Lund testified that she inspected *756 the area where plaintiff's fall occurred, the defendant met the burden required to exonerate itself from liability under LSA-R.S. 9:2800.6(C). Additionally, Schwegmann presented the detailed log sheets to further substantiate that the store had adequate cleanup measures on the date of the accident. Schwegmann showed its personnel exercised reasonable care to keep the area free from hazardous conditions like the coke spill, and Schwegmann sustained its burden of exculpation. This finding pretermits consideration of the issue of an excessive damage award.
Accordingly, the judgment of the trial court is reversed and plaintiff's suit is dismissed.
REVERSED.