617 So.2d 41 (1993)
Barbara GURLEY
v.
SCHWEGMANN SUPERMARKETS, INC., et al.
No. 92-CA-1455.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*42 David B. Bernstein, New Orleans, for plaintiff/appellee.
Warren S. Edelman, Blue, Williams & Buckley, Metairie, for defendant/appellant.
Before SCHOTT, C.J., and BARRY and WALTZER, JJ.
WALTZER, Judge.
Defendant, Schwegmann Supermarket, appeals a trial court judgment finding the defendant liable for injuries sustained by plaintiff, Barbara Gurley, when she allegedly slipped and fell on a cabbage leaf in an aisle of the supermarket. The case was tried in front of the trial judge, who awarded Ms. Gurley $2,460 ($2,000 for general damages, $460 for medical expenses). The plaintiff appeals the award, claiming that it was abusively low.
On May 4, 1985, Ms. Gurley slipped and fell while inside Schwegmann Supermarket. The plaintiff claimed that she fell on a cabbage leaf. The plaintiff hit her head and was subsequently taken by ambulance to the emergency room at New Orleans General Hospital. She remained in the hospital for six days. On May 10, 1985, the day of release, she again slipped and fell, this time on a banana peel inside Winn-Dixie Supermarket. The plaintiff had been seeing a doctor for several years since the accidents, complaining of migraine headaches, which never occurred prior to her falls.
The plaintiff testified at trial about the accident and her injuries. Her trial and deposition testimony conflicted regarding whether the plaintiff saw the alleged cabbage leaf that caused her fall. One time she stated that she saw the leaf as she was *43 falling, yet at another time she stated that she did not see anything.
The defendant introduced the testimony of several witnesses, none of whom actually witnessed the accident. The security guard, who investigated the accident, filled out the report of the accident immediately thereafter. He stated at trial that a female porter for the grocery store had told him that she had witnessed the accident. This security guard further stated that he could not remember her name, but remembered giving her name to one of the defense attorneys.
The trial judge in his reasons for judgment, stated that the deposition testimony from the plaintiff's doctor indicated that her injuries were primarily due either to her fall in the Winn-Dixie six days after her fall in Schwegmann's or to a fall in her home five months earlier on January 10, 1985. The trial judge also commented in his reasons for judgment that the plaintiff's testimony at trial conflicted with that of her deposition, and that "her credibility is in serious question."
The trial judge went on to state that the defendant's investigator knew of an eye witness, yet did not mention her in his report, but had given her name to defendant's lawyer. The trial judge states in his reasons for judgment:
The defendants investigator testified that he knew of an eye witness, that he interviewed the eye witness, and did not mention her in his report.
He testified that he gave the name of the witness to the attorney for the defendant.
The failure of the defendant to call a witness without a valid explanation for the failure raises the presumption that the witness would have been adverse.
For this reason the Court will find the defendant liable.
The defendant claims on appeal that the trial court was in error for allowing the adverse presumption rule in this case, and its subsequent assessment of liability. The plaintiff appeals the damage award, arguing that it was abusively low.
LSA-R.S. 9:2800.6 sets out the burdens of proof pertinent to this case. Under this statute, the plaintiff must first prove that a hazard existing on the merchant's premises caused her injuries. Once the plaintiff fulfills this burden, the burden then shifts to the defendant merchant to prove that he acted in a reasonably prudent manner "to keep the premises free of any hazardous conditions." See LSA-R.S. 9:2800.6(B).
After a careful review of the record, we believe that the plaintiff carried her burden of proving that a premise hazard existed, and that the defendant failed to fulfill its burden of proving that it acted in a prudent manner to prevent such hazards.
We will initially address defendant's first argument on appeal: that the trial court was in error for using the adverse presumption rule for the nontestifying porter. The trial court's consideration of this presumption, as we understand the judge's reasons for judgment, enabled the plaintiff to fulfill her burden that a premise hazard caused her injuries.
A trial court may utilize the adverse presumption rule when a witness with peculiar knowledge of material facts pertinent to the case is not called to testify. Don Smart & Associates v. Lanier Business Products, 551 So.2d 665 (La.App. 1st Cir.1989). The rule has been applied when a key witness was subpoenaed, but was not called to testify. Hoffman v. Schwegmann Giant Super Markets, Inc., 572 So.2d 825 (La.App. 4th Cir.1990), writ den., 576 So.2d 33 (La.1991). However, the rule may be used when one party makes a showing that the other party has available, but never calls, a material witness, not available to the party seeking to invoke the presumption. Shelvin v. Waste Management, Inc., 580 So.2d 1022 (La.App. 3d Cir.1991). In Shelvin, the Third Circuit stated:
Failure of a party to call a witness creates a presumption that the witness's testimony would have been unfavorable, where that party has the burden of proof, or where that party has some control over, or a close relationship with the witness. The presumption does not apply *44 where the witness was equally available to either party. Id. at 1027.
The purpose of the adverse presumption rule is that a court may consider the fact that a party did not call a witness, available only to that party, with knowledge of facts not testified to by any other witness, which are pertinent to the case. Once a party makes a showing of this, and the other party does not produce a reasonable explanation for its failure to call that witness, the court may presume that the witness's testimony would have unfavorable. The court may consider this presumption as it would any other relevant evidence in the case. Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3d Cir.1988).
We believe that the plaintiff made a showing sufficient for the court to invoke the adverse presumption rule, and that the defendant failed to produce a reasonable explanation why they did not call that witness to testify.
The porter, who allegedly eye witnessed the slip and fall of the plaintiff, was not called to testify. The security guard, who filled out the accident report immediately after the incident, testified to the following during cross-examination: (1) that he interviewed the porter, (2) that he knew she had seen the accident, (3) that he normally includes the names of all the witnesses to the accident in his report, (4) that he did not include her name in the accident report, (5) that he had told the defendant's attorney her name, but could not remember it at trial or in deposition, and (6) that of all the witnesses he interviewed after the incident, the porter was the only one who actually saw plaintiff's alleged slip and fall. Furthermore, it is obvious from the record that plaintiff's attorney did not know the identity of this porter. We believe that the plaintiff's showing of the above sufficiently allowed the court to invoke the adverse presumption rule. The defendant then had the burden of producing a reasonable explanation for its failure to call this witness to testify.
Defendant argues on appeal that the security guard did not know the name of the porter because the porter had told him that she did not want to get involved and never gave her name. However, the testimony of the security guard during cross-examination clearly indicates that at one time he knew the name of the porter and that he told this name to defendant's attorney.
The trial court was thus within its discretion to presume that the porter would have given adverse testimony against the defendant.
The defendant then argues on appeal that the adverse presumption rule, by itself, is not enough to fulfill plaintiff's burden of persuasion. After a review of the record and the trial judge's reasons for judgment, we find that the plaintiff adequately proved her case by a preponderance of the evidence.
Plaintiff testified that she slipped on a cabbage leaf causing her to fall. Defendant is correct in noting that her trial testimony conflicts with her deposition testimony in that the plaintiff seemed to bounce back and forth as to whether she ever saw the cabbage leaf. However, the defendant presented no witnesses to contradict the plaintiff's testimony that she fell on something in the aisle of the supermarket. Furthermore, several witnesses stated that they observed the plaintiff lying on the floor of the aisle. The plaintiff's direct evidence, although somewhat conflicting, in addition to the testimony of others and the court's consideration of the presumption, was sufficient for a reasonable trier of fact to conclude that, more likely than not, she fell on something.[1]
*45 The burden then shifted to the defendant to prove that it acted in a reasonably prudent manner to keep the premises free of hazards. In exculpating itself from liability, the defendant need not call every employee, but may fulfill his burden of proof by introducing the testimony of the employee whose responsibility it was to inspect the particular area for any possible premise hazards. Hess v. Schwegmann Giant Super Markets, 595 So.2d 754 (La. App. 4th Cir.1992).
The defendant introduced the testimony of Kevin Mcgee, the person with the responsibility of inspecting and cleaning the aisle where the incident allegedly occurred. This witness testified that he had noted in his daily log that he had swept the aisle just eight minutes before the accident. However, on cross-examination, this witness admitted that he could not remember first hand whether he swept that area at that particular time, or whether he was properly supervised while carrying out his duties. Whether this witness's testimony was credible or enough to carry the burden of proof of the defendant is a question of fact, which we will not disturb on review absent manifest error.
Regarding the issue of damages, this Court has continually stated that such a determination is a determination of fact, which will not be disturbed absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La. 1989). The only evidence of plaintiff's injuries was her own testimony, at trial and in depositions, a deposition of Dr. Umbaca, and medical records. Regarding this evidence, the trial judge stated the following in his reasons for judgment:
The hospital records indicate that she was treated for six days in the hospital and discharged, much improved.
Dr. Umbaca in his depositions indicates that all of the injuries of the plaintiff were caused by the accidents of January 10, 1985, and May 10, 1985.
The only charges from Charity Hospital as found in the hospital record amount to $460.00.
Dr. Umbaca testified in his deposition of May 8, 1991 that she was put in the hospital because of the January 10, 1985 accident. He testified on page 26, that he knew of no other accidents other than January 1985 and May 11, 1985.
The plaintiff's testimony at trial and in the depositions is conflicting, and her credibility is in serious question.
Plaintiff admits in her appellate brief that Dr. Umbaca was deposed in connection with her accident in Winn-Dixie, and that the doctor stated that he was unaware of the Schwegmann accident.[2] Plaintiff submits to this Court that the Winn-Dixie accident cannot be considered to be the sole cause of plaintiff's pain, suffering, and medical attention during the year or two following the accidents. Plaintiff requests that this Court find manifest error the trial judge's treatment of the doctor's deposition testimony, which attributes none of the plaintiff's medical problems to her fall in Schwegmann's. This we will not do.
Our review of the record indicates that the plaintiff's trial and deposition testimony conflict, and we agree that her credibility is seriously in question. This leaves us with the deposition of her treating physician, who attributed none of the plaintiff's illnesses to the accident in Schwegmann's. We, therefore, agree with the trial judge's consideration of the evidence and find no manifest error with the trial court's award of damages.
In conclusion, the trial judge's assessment of liability against the defendant and its award of damages are the result of several factual and credibility determinations: whether he believed the plaintiff's testimony that she fell on a cabbage leaf, whether he believed the employee who testified that he swept the aisle just eight minutes prior to the incident, whether there *46 was a witness who actually saw the incident and what that witness might have said had she testified, and how badly, if at all, was the plaintiff injured from the fall. The trial court's determinations on these issues must be given the greatest weight, and must not be disturbed by this Court absent manifest error, even if this Court, if "sitting as the trier of fact, would have weighed the evidence differently." Rosell v. ESCO, 549 So.2d at 844. After a review of the record in its entirety, this Court finds no manifest error with the findings from the court below.
For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
I dissent because I do not believe there was an accident, because the defendant carried its burden of exculpating itself from liability, and because the trial judge erred as a matter of law.
The reasons for judgment do not specify whether the plaintiff carried her burden of proof. To the contrary, the trial judge concluded that "plaintiff's testimony at trial and in the depositions is conflicting, and her credibility is in serious question." Only the plaintiff testified as to her alleged slip and fall. The record does not support a finding that the plaintiff slipped. I do not believe there was a fall.
Assuming, arguendo, that the plaintiff carried her burden of proof, then I'm satisfied the defendant clearly carried its burden by showing that the area where the accident allegedly occurred was inspected and cleaned a few minutes before the alleged accident. A disinterested customer in the store and a security guard did not see any foreign matter on the floor, nor did the porter who swept the area eight minutes before the alleged fall.
The plaintiff had three "fall" accidents within a four month period. Her physician, Dr. Umbaca, stated that her injuries were caused by an earlier and later accident not the accident which is the subject of this litigation. Dr. Umbaca stated that the plaintiff was hospitalized because of the earlier January 10, 1985 fall. Importantly, Dr. Umbaca was not told by the plaintiff that she fell in Schwegmann's.
The trial judge rendered his decision on the adverse presumption rule because the defendant did not call an employee (porterette) who may have been a witness. Considering the plaintiff's contradictory testimony, the fact that no foreign substance was found on the floor, and that the defendant presented evidence concerning its cleanup procedure immediately prior to the accident, it was reasonable for defendant's counsel to conclude that it had sustained its burden of exculpating itself from liability. It was also reasonable for the defendant not to call any other witness. Plaintiff could have used discovery to locate and depose the porterette. The defendant had no obligation to call every employee who may have had knowledge about the alleged accident. La.R.S. 9:2800.
The judgment is solely based on the adverse presumption rule which does not apply under these facts as a matter of law. The trial judge erred.
NOTES
[1] Defendant argued on appeal that the trial judge ruled in favor of the plaintiff solely based upon the adverse presumption rule of the one witness who did not testify. Our reading of the judgment does not indicate that plaintiff's entire burden of proof was met by the assumed testimony of the nontestifying witness. We believe the trial judge assessed liability against the defendant after considering the evidence of the adverse presumption rule, in addition to the testimony of the plaintiff and others who stated they saw her lying on floor of the supermarket. It is difficult for us to determine, and even more difficult for us to dictate, how much weight the trial judge gave or should give to the adverse presumption rule. Evidence of a nontestifying witness is competent evidence, and the trial judge may give it as much weight as he or she thinks it deserves.
[2] The doctor died in 1987, before he could give testimony concerning the effects of the Schwegmann accident.