**NORTHERN PACIFIC RAILWAY, a corporation (now Burlington Northern, Inc.), Plaintiff-Appellant,**

v.

**Theodore E. HERMAN, d/b/a Pete Herman Auction Market, Defendant-Appellee.**

**No. 71-1145.**

United States Court of Appeals,
Ninth Circuit.

May 7, 1973.

Stephen H. Foster (argued), Jack S. Ramirez, Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for plaintiff-appellant.

W. H. Bellingham (argued), Moulton, Bellingham, Longo & Mather, Billings, Mont., for defendant-appellee.

Before BARNES and DUNIWAY, Circuit Judges, and PECKHAM,* District Judge.

PECKHAM, District Judge:

This case, which arises under Montana law, is an action seeking indemnity for money paid by the plaintiff railroad in satisfaction of a claim against it by one of the railroad's employees injured on the job. The single issue that this court need decide is whether the jury instruction formulated by the court below constituted reversible error. The parties do not dispute the applicability of Montana law, nor apparently do they dispute the applicable law of that state. The only dispute concerns whether the trial court accurately conveyed that law to the jury in its instruction. From a general verdict in favor of the defendant, plaintiff appeals.

Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The amount in controversy is $62,797.86. Plaintiff Northern Pacific Railway (Railroad) is a corporation with its principal place of business in Minnesota and is incorporated under the laws of the State of Delaware. Defendant Theodore E. Herman (Herman) is a citizen of Montana.[1]

In 1957 the Railroad leased some property to Billings Eagle Implement Co. which in turn subleased the property to Herman in 1965. The sublease provided that sublessee agrees to assume all the rights and obligations as if he had been originally named as lessee in the lease. So we deal here with a situation which is for all intents and purposes a lease between Railroad and Herman.

On the night of February 25, 1966 adjacent to the above mentioned property one of Railroad's freight cars derailed and injured one of Railroad's employees. The derailment was allegedly caused by mud being pushed onto the tracks by the wheels of motor vehicles. The injured Railroad employee filed suit against the Railroad. After a demand for indemnity from Herman was refused, the Railroad settled the employee's suit. Railroad now seeks indemnity in the amount of $62,-797.86, interest, costs, and expenses of litigation.

The Railroad tried the issue of its right to indemnity on two theories. The first theory was based on section two of

---

* Honorable Robert F. Peckham, United States District Judge, Northern District of California, sitting by designation.

1. This was so stipulated at oral argument. The pre-trial order only recites that Herman is a resident of Montana.

the lease set forth fully in the margin,[2] claiming the lease by its terms prohibited the operation of motor vehicles over the tracks, and further claiming that Herman breached the lease and that this breach was the proximate cause of the employee's injury. The second and independent theory for recovery is based on section eight of the lease.[3] This is a specific indemnity provision whereby Herman agrees to indemnify the Railroad for injuries caused by him. If Herman and the Railroad are concurrently negligent they agree to share the liability equally.

With regard to Railroad's cause of action based on section two of the lease prohibiting driving motor vehicles across the tracks, Herman contended plaintiff by its actions or inactions was estopped from asserting this provision. *See, e. g.,* Smith v. Krutar, 153 Mont. 325, 457 P.2d 459 (1969); Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 249 F.2d 277 (9th Cir. 1957) (Montana law). Herman sought to defend against the second and independent cause of action based on section eight of the lease, the specific indemnity clause, on the ground that his actions were not the proximate cause of the employee's injuries.

Neither party has argued that the trial court misinstructed the jury concerning the specific indemnity clause. The error asserted here is that the instruction, taken as a whole, failed to make clear that plaintiff has two independent theories of recovery in Count II of its complaint, and that estoppel was a defense only to that cause of action based on section two of the lease. Estoppel has never been set up as a defense to the specific indemnity provision (section eight).

The part of the instruction in question is divided into four paragraphs. The first paragraph sets out the three possible verdicts:

> You are instructed that there are really three verdicts which you could reach, namely: a verdict for the plaintiff, a verdict for the defendant, or a verdict for the plaintiff for one-half of the amount claimed.

Next the instruction goes on to explain how to reach a verdict in full for plaintiff based on section two of the lease:

> To explain these possibilities further, the first one may be stated like this: If you find that the defendant breached the portion of the lease relating to the operation of a motor vehicle on or across the railroad tracks, and that the breach was a proximate cause of the derailment, and that the plaintiff is not estopped from asserting its claim, then you must return a verdict in favor of the plaintiff.

The following paragraph explains how to reach a verdict for defendant. This paragraph is correct only in so far as plaintiff's theory of recovery is based on section two of the lease:

> The second possibility is this: If you find that plaintiff by an act or omission is estopped from enforcing that provision of the lease relating to the operation of a motor vehicle on or across the railroad tracks, or you find that defendant breached the lease and that the breach was not a proximate

---

2. Section two of the lease reads:
   2. . . . in order to avoid track damage and possible derailments, Lessee further agrees not to foster, sanction or permit operation of any motor driven equipment on or across any railroad track located on or adjacent to the demised premises, except at established crossings for the purpose of serving the Lessee.

3. Section eight of the lease reads:
   8. . . . The Lessee also agrees to indemnify and hold harmless the Rail-road Company against all liability, claims, or loss because of damage to or destruction of property of, or injury to or death of, all persons whomsoever including the parties hereto and their employees, while on or in the vicinity of said premises, when caused by any act or omission of the Lessee, its employees, or agents, and if any claim or liabilty other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be born by them equally.

cause of the derailment, you must return a verdict in favor of the defendant.

It was at this point that error was committed because the trial court failed to make it clear to the jury that if they found for defendant in so far as plaintiff's attempt to recover was based on section two of the lease, they must then go on and consider plaintiff's independent theory of recovery based on section eight of the lease, the specific indemnity clause.

■■■ The trial court's instruction correctly stated the legal principles governing plaintiff's attempt to recover based on the specific indemnity clause,[4] when it said:

> The third possible verdict may result by reaching any of three possible conclusions. They are as follows:
>
> 1. If you find from all the evidence that both parties were guilty of active concurrent negligence, then you must return a verdict in favor of the plaintiff for one-half of the amount claimed, namely: $31,396.93.
>
> 2. If you find from all the evidence that both parties were guilty of active concurrent negligence and that the negligence of the plaintiff consisted of acquiescence in the conduct of the plaintiff (sic), then you must return a verdict for one-half of the amount claimed.
>
> 3. If you find that both parties were concurrently negligent and you further find that the negligence of the plaintiff was passive and that the negligence of the defendant was active, you must return a verdict in favor of the plaintiff for the full amount claimed. (Tr., pp. 373–375.)

Error was however committed when the trial court failed to explain to the jury that the second and third quoted paragraphs of the instruction, pertaining to plaintiff's attempt to recover based on breach of the lease, and instructing the jury on the question of estoppel, had nothing to do with the separate theory of recovery based on the specific indemnity clause; that estoppel was not a defense to the specific indemnity clause; and that the jury could find an estoppel and still return a full or partial verdict for plaintiff.

This confusion is compounded by the court's statement earlier in the instruction stating the contentions of the parties. The court stated that the defendant was asserting estoppel as a defense to Count two of the complaint. (Tr. 369). Count two contains both the cause of action based on the lease and the specific indemnity clause. Estoppel was not asserted as a defense to the specific indemnity clause. Further confusion is added by the trial court's use of the word "plaintiff" in subparagraph 2 of the fourth quoted paragraph when it meant to say "defendant". ·

4. In Booth-Kelly Lumber Co. v. Southern Pacific Co., 183 F.2d 902 (9th Cir. 1950) this court had the opportunity to consider the meaning of a similar indemnity clause. While *Booth-Kelly* was decided under Oregon law, we assume that the common law regarding indemnity is the same in Montana as in Oregon. See also Union Pacific Railroad Co. v. Bridal Veil Lumber, 219 F.2d 825 (9th Cir. 1955).

In *Booth-Kelly* this court held that it was the contract, the specific indemnity clause, which controlled the relationship of the parties and not common law negligence. The importance of this ruling is that common law defenses such as contributory negligence are unavailable to the parties, except as defined in the contract. The common law is however relevant in order to discern the meaning of the contract.

By the language in section eight of the lease the parties have chosen to make joint liability only a partial defense to indemnity. The instruction correctly sets out the alternatives.

Acquiescence under the indemnity clause would be a defense to one-half of the full indemnity. Missouri Pacific R.R. Co. v. Arkansas Oak Flooring Co., 434 F.2d 575 (8th Cir. 1970) (Arkansas law). Defendant's "success in establishing a defense of acquiescence also establishes *its own* and the railroad's joint or concurring negligence in maintaining a condition upon the leased premises [or adjacent thereto] dangerous to railroad employees." *Id.* at 581 (emphasis added.)

After reading the entire instruction it appears to this court that the instruction was confusing and left the jury with the mistaken impression that estoppel was a complete defense to both of plaintiff's causes of action, and it was not. The instruction is prejudicial because it is confusing and inconsistent on a material issue and could possibly mislead the jury.

Error in a specific instruction is not cured by general statements which set out the respective contentions. *See* United States v. Natt McDougall Co., 381 F.2d 686 (9th Cir. 1967). But even in the general instructions the trial court did not make it clear that either of plaintiff's theories would support recovery.

Erroneous instructions in a jury trial are presumptively injurious and are grounds for reversal unless it affirmatively appears on the record that the error was harmless. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853 (1919). As this Court said in Pacific Greyhound Lines v. Zane, 160 F.2d 731 (9th Cir. 1947):

Nothing in the record enables us to ascertain upon which theory of fraud the jury may have rested its general verdict. The presence of these conflicting instructions provides no assurance that the error did not materially affect the jury's verdict. *Id.* at 737.

Since there is nothing in this record which affirmatively shows upon what theory the jury based its general verdict for defendant, the case must be reversed and remanded.

We add the caution that upon retrial the court should require that a foundation be laid in order to show that statements by agents admitted against the principal concern matters within the scope of the agent's employment made during the existence of the relationship. See Rule 801(d)(2)(D) of the Proposed Rules of Evidence, 56 F.R.D. 183 (1972).

In light of the foregoing, we need not reach the appellant's other assertions of error.

Reversed and remanded.