572 So.2d 825 (1990)
Raymond L. and Jerry B. HOFFMAN
v.
SCHWEGMANN GIANT SUPER MARKETS, INC., John Doe, Jack Doe, et al.
No. 89-CA-1320.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Writ Denied March 1, 1991.
G. Patrick Hand, Jr., Hand & Markey, New Orleans, for plaintiffs.
Stephen M. Little, Blue, Williams, & Buckley, Metairie, for defendant.
Before BARRY, KLEES, WILLIAMS, PLOTKIN and BECKER, JJ.
KLEES, Judge.
This is an appeal by defendant, Schwegmann Giant Super Markets, from a judgment awarding damages to plaintiffs for injuries sustained by Ms. Hoffman in a slip and fall accident. After reviewing the record and applicable law, we affirm.
On the morning of August 30, 1981, Ms. Hoffman entered the Schwegmann store located at 3620 Veterans Memorial Blvd. in Metairie. She proceeded down the aisle, selected some hair coloring and placed it in her basket. When she attempted to push her basket to continue shopping, she slipped and fell, hitting her right ankle and landing on her left hip, back and hand. Ms. Hoffman testified that she did not look to see what, if anything, caused her to fall.
*826 Ms. Sue B. Mallaun witnessed the accident and testified that she went to Ms. Hoffman's aid and cradled Ms. Hoffman until Mr. Hoffman arrived moments later. Mallaun testified that she did not notice if anything was on the floor in the aisle.
Mr. Hoffman entered the store moments after his wife's fall. When he saw his wife on the floor, Mr. Hoffman went to her side. The two remained in the aisle for approximately fifteen minutes.
Plaintiffs both testified that a Schwegmann employee identified only as "Mike" then assisted Ms. Hoffman to the front of the store. They stated that Mike then left for a few minutes and went to the site of Ms. Hoffman's fall. They testified that Mike returned and said that there was some hair styling gel which had overturned on a shelf and had dripped onto the floor where plaintiff fell. Over defense counsel's objection, this testimony was introduced first as a declaration against interest and later as "res gestae". After the bench trial, the trial court ruled against defendants and in favor of plaintiffs.
Defendant first contends that the trial court erred in admitting the hearsay testimony of Mike over their objection because plaintiffs failed to introduce any evidence to substantiate that Mike was a Schwegmann's employee or that his statements were within the scope of his employment or agency. We disagree.
La.C.E. art. 801 D(3)(a) provides that "a statement by an agent or employee of the party against whom it is offered concerning a matter within the scope of his agency or employment" is not hearsay. This article goes beyond the traditional "speaking agent" rationale and permits the introduction of such a statement whenever it concerns a matter within the scope of the speaker's agency or employment. A statement is not hearsay if it meets two criteria: (1) it was made by an agent or employee of the party against whom it is offered and (2) it concerns a matter within the scope of his agency or employment, made during the existence of the relationship. Before a statement offered under that provision may be admitted, the party offering the statement must present evidence sufficient to establish that both criteria are met.
In the instant case, there is ample evidence unrebutted in the record to establish employment and scope of employment outside of the statement itself. Mr. Hoffman testified that "Mike" identified himself as a security guard for Schwegmann's. There was also testimony of Ms. Mallaun that a man in a white shirt and tie asked her to come to the office and give a statement, Ms. Hoffman's testimony that Mike was present with the assistant manager on the scene, that Mike got a wheel chair, that plaintiffs went with Mike to a small cubical to fill out an accident form, that Mike in front of the assistant manager told Mr. Hoffman that they would take care of any medical bills, that Mike helped push plaintiff to the car in a wheelchair, and Ms. Hoffman's testimony that Mike filled out forms and had her sign them. In addition, Schwegmann admits in its "Memorandum in Support of Defendant's Motion for a New Trial or, Alternatively, Remittitur" that "Mike" was subsequently identified as a Schwegmann's employee named Tony LaFauci. In the absence of rebuttal evidence, the trial judge was not manifestly erroneous in finding that an employer-employee relationship existed. Further, a slip-and-fall accident certainly comes within the scope of a security guard's employment.
It should also be noted that defendant might have had Mr. Lafauci testify to whether or not he saw hair gel on the floor where plaintiff fell.[1] Defendant's failure to call the security guard gives rise to a presumption that he would have testified adversely to defendant's position. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (La.1968); Bastrop State Bank v. Levy, 106 La. 586, 31 So. 164 (La.1901).
Thus the statement of "Mike" was not hearsay and the trial court was not manifestly *827 erroneous in finding that a hazardous substance did exist on the floor causing plaintiff to fall.
Defendant next contends that the trial court abused its discretion by awarding excessive damages. The trier of fact has much discretion in assessing the measure or amount of damages to award a plaintiff. In reviewing damages awards, an appellate court may not disturb an award unless the record reflects that the trier of fact abused its discretion in making the award. In determining whether there has been an abuse of discretion, the reviewing court must consider the particular facts and circumstances of each case rather than merely reviewing prior awards. Reck v. Stevens, 373 So.2d 498 (La.1979). Once a clear abuse of discretion is found, the appellate court may look to prior awards to determine the range of damages found where injuries are similar to plaintiff's.
The trial court awarded $30,000 for physical pain and suffering, $60,000 for mental pain and suffering, $8000 for loss of consortium for the husband, and $7800 for lost wages. Under the individual circumstances of this case, we find no abuse of discretion. The trial judge was impressed with the testimony of the plaintiff. Furthermore, the factual basis for the awards is supported by credible evidence in the record. Consequently, we find that the awards do not constitute an abuse of the trial court's broad discretion. We therefore affirm those awards.
AFFIRMED.
WILLIAMS, Judge, dissenting.
I respectfully dissent from the majority's opinion.
After reviewing the record and applicable law, it is clear that the trial court improperly admitted hearsay testimony of a Schwegmann employee as an admission of a party opponent where plaintiff failed to lay the proper foundation, i.e., failed to prove the existence of an employer-employee relationship between the declarant and Schwegmann and failed to show that the statement concerned a matter within the scope of declarant's employment. Further, the trial court erred in admitting that same testimony under the res gestae exception to the hearsay rule absent any evidence that the condition perceived by the declarant existed at the time of plaintiff's fall or that the declarant was excited by the accident itself (which he did not actually see) when he allegedly made the statements. Additionally, there was no credible evidence in the record showing that there was a foreign substance on the floor where plaintiff fell.
On the morning of August 30, 1981 Ms. Hoffman entered the Schwegmann store located at 3620 Veterans Memorial Boulevard in Metairie. She proceeded down the aisle, selected some hair coloring and placed it in her basket. When she attempted to push her basket to continue shopping, she slipped and fell, hitting her right ankle and landing on her left hip, back and hand. Ms. Hoffman testified that she did not look to see what, if anything, caused her to fall.
Sue B. Mallaun, the only witness to the accident, testified that she went to Ms. Hoffman's aid and cradled her until Mr. Hoffman arrived moments later. Mallaun testified that she did not notice anything on the floor in the aisle.
Mr. Hoffman entered the store moments after his wife's fall. When he saw his wife on the floor, Mr. Hoffman went to her side. The two remained in the aisle for approximately fifteen minutes. Mr. Hoffman testified that he did not notice anything on the floor in the area of his wife's fall.
Plaintiffs both testified that a Schwegmann employee identified only as "Mike" then assisted Ms. Hoffman to the front of the store, where they filled out forms. They stated that Mike then left for a few minutes and went to the site of Ms. Hoffman's fall. They testified that Mike returned and said that there was some hair styling gel which had overturned on a shelf and had dripped onto the floor where plaintiff fell. Over defense counsel's objection, this testimony was admitted as a declaration against interest and later, under the res gestae exception to the hearsay rule.[1]

*828 Assignment of Error No. 1

First, Schwegmann contends that the trial court erred in admitting the hearsay testimony of Mike over their objection because plaintiffs failed to introduce any evidence to substantiate that Mike was a Schwegmann employee or that his statements were within the scope of his employment or agency. I agree.
Under the Louisiana Code of Evidence, hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. LSA-C.E. art. 801(C). Excluded from the definition of hearsay are relational and privity admissions of a party opponent. Specifically, a statement is not hearsay if:
(3) The statement is offered against a party, and the statement is:
(a) A statement by an agent or employee of the party against whom it is offered, concerning a matter within the scope of his agency or employment, made during the existence of the relationship;....
LSA-C.E. art. 801(D)(3)(a).
Subparagraph (3)(a) of Article 801(D) generally follows Federal Rule of Evidence 801(d)(2)(D).[2]See LSA-C.E. art. 801, Comments to Article 801(D)(3). Accordingly, I look for guidance to the federal jurisprudence interpreting the correlative federal rule of evidence.
Before a statement made by an employee may be introduced as an admission of the party opponent, it is necessary that the party seeking to introduce the statement lay the proper foundation. As directed by the language of the statute itself, it must be shown that the statement by the agent or employee concerns matters within the scope of his employment and that it was made during the existence of the relationship. See Northern Pacific Railway v. Herman, 478 F.2d 1167, 1171 (9th Cir. 1973); White Industries v. Cessna Aircraft Co., 611 F.Supp. 1049, 1063-64 (D.C. Mo.1985). Merely showing that the statement was made by one who is identified generally as an employee of the party, without further proof as to the existence or scope of his employment, is insufficient proof. See White Industries v. Cessna Aircraft Co., supra. Further, the existence of an employment relationship cannot be proved merely by the alleged employee's extrajudicial statement. See Ellis v. Kneifl, 834 F.2d 128, 131 (8th Cir.1987); United States v. Portsmouth Paving Corp., 694 F.2d 312, 321 (4th Cir.1982). Independent evidence establishing the existence of the relationship must be adduced. Id.
In the instant case, plaintiff failed to lay the foundation required for the admission of the employee's declaration as an admission of a party opponent under LSA-C.E. art. 801(D)(3)(a). The declarant was identified at trial only as "Mike." Plaintiffs presented no evidence, save the extrajudicial hearsay statement by Mike, establishing the existence of an employment relationship between declarant and Schwegmann.[3] Accordingly, I would hold that the *829 trial court erred in admitting the testimony of Mike as an admission of a party opponent over defense objection.
Next, Schwegmann contends that this testimony was improperly admitted as "res gestae" evidence because the statement was not made with sufficient contemporaneity to qualify as a present sense impression, LSA-C.E. art. 803(1), or under the stress of excitement required for an excited utterance, LSA-C.E. art. 803(2). I agree.
LSA-C.E. art. 803 provides, in pertinent part:
The following are not excluded by the hearsay rule ...:
(1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
As noted in the Official Comment to Paragraph (1), the immediacy requirement should be strictly construed when applying this exception. Substantial contemporaneity is required. Spontaneity is also required under Paragraph (2), but the standard of measurement there is the height and duration of the excitement.
The declarant in the instant case did not see plaintiff's fall. Moreover, the evidence does not indicate that he saw a foreign substance on the floor prior to or at the time of the accident. In fact, the site of the accident was left unattended, and the condition allegedly reported by the declarant was not observed until he returned to the area at least fifteen minutes after the fall. Absent some evidence that the declarant saw the condition at the time of plaintiff's fall, I cannot say that declarant's statement was made with substantial contemporaneity to constitute a present sense impression under LSA-C.E. art. 803(1).
Further, the record in this case does not reflect that the declarant was under the stress of excitement caused by the accident when he allegedly made the statement at least fifteen minutes later. In fact, as noted above, the declarant did not even witness plaintiff's fall. Thus, the statement did not qualify as an excited utterance. Accordingly, I would hold that the trial court erred in admitting the hearsay testimony of Mike as res gestae over defense objection.

Assignment of Error No. 2
In its second assignment of error, Schwegmann asserts that the trial court erred in holding Schwegmann liable in the absence of credible evidence that a hazardous condition, i.e., a foreign substance on the floor, caused plaintiff to slip and fall.[4] This assignment has merit.
In slip and fall cases, the plaintiff must prove "that a foreign substance on the floor caused her to slip, fall, and sustain injuries." McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987); Diaz v. Schwegmann Giant Supermarkets, Inc., 533 So.2d 1034, 1035 (La.App. 4th Cir.1988); Kelley v. Great Atlantic & Pacific Tea Company, Inc., 545 So.2d 1099, 1104 (La. App. 5th Cir.1989), writ den. 550 So.2d 629 (La.1989). Only then does the burden shift to the defendant to exculpate itself. Id.
The record in the instant case contains no admissible evidence that there was a foreign substance on the floor where Ms. Hoffman fell. In fact, all of the admissible testimony indicates that the floor was free of any foreign substance. In the absence of any such evidence, plaintiff failed to *830 establish a prima facie case, and the judgment of the trial court must be reversed.
For the foregoing reasons, I would reverse the judgment of the trial court and render judgment in favor of defendant Schwegmann.
NOTES
[1] Defendant issued a subpoena to Tyronne Lafauci, who was personally served on February 10, 1989, but did not call him to testify.
[1] The trial court initially sustained defense counsel's objection to the hearsay testimony which was not contemporaneous with plaintiff's fall but allowed Mr. Hoffman to testify as to what Mike said as an admission of a party opponent. Without explanation, the court later allowed Ms. Hoffman to give her account of the same testimony under the res gestae exception to the hearsay rule.
[2] Fed.R.Evid. 801(d)(2)(D) provides, in pertinent part:

A statement is not hearsay if ... (t)he statement is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.
[3] A statement by defense counsel that "Mike" was subsequently identified as a Schwegmann employee named Tony LaFauci was made post trial in a memorandum in support of defendant's motion for a new trial. Therefore, it did not constitute evidence before the trial court, see Aucoin v. Aetna Casualty & Surety Co., 520 So.2d 795, 798 n. 3 (La.App. 3d Cir.1987), and, because the statement was not made within a judicial proceeding, it did not constitute a judicial confession, see LSA-C.C. art. 1853.

Because plaintiffs had the burden of proving the existence of the employment relationship before Mike's statement could be admitted as a declaration against interest, defendant's failure to call "Mike" to testify did not create a presumption that the testimony would have been unfavorable to defendant. Blakeney v. Tidewater Compression Service, Inc., 463 So.2d 914 (La.App. 2d Cir.1985), writ den. 467 So.2d 535 (La.1985), citing Wolfe v. Employers Commercial Union Insurance Co., 272 So.2d 714 (La.App. 3d Cir.1973).
[4] In its appellate brief, Schwegmann urges this Court to apply LSA-R.S. 9:2800.6, which governs slip and fall cases. LSA-R.S. 9:2800.6 became effective July 18, 1988, after plaintiff's accident. Because this statute is substantive in nature, it is not retroactive and cannot be applied to the instant case. Kelley v. Great Atlantic & Pacific Tea Company, Inc., 545 So.2d 1099, 1104 (La.App. 5th Cir.1989).