819 So.2d 1077 (2002)
James BIENVENU and Arthur Seghers, Sr.
v.
ALLSTATE INSURANCE COMPANY, Alfred Andrews, Jr., State Farm Mutual Automobile Insurance Company, and Donald Waterman.
No. 2001-CA-2248.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 2002.
*1079 Timothy Thriffiley, George Pivach, II, Pivach & Pivach, L.L.C., Belle Chasse, LA, for Plaintiff/Appellant.
Patricia C. Upton, Law Offices of Harold G. Toscano, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY III, Judge TERRI F. LOVE).
PLOTKIN, Judge.
Plaintiff, James Bienvenu, appeals a trial court judgment dismissing his personal injury claims arising out of an automobile accident against defendant, Alfred Andrews Jr., based on a finding that a third party to this appeal was 100 percent at fault in causing the accident. For the reasons explained below, the trial court judgment is affirmed.

FACTS
In the early morning hours of January 2, 2000, Mr. Bienvenu was traveling east in the middle lane of traffic on Interstate 10 East in New Orleans, driving a 1995 Ford Ranger truck belonging to original plaintiff, Arthur Seghers. The night was foggy, and the roads were slick. As Mr. Bienvenu approached the Morrison Road, he was forced to slow the truck to a stop because traffic was stopped in front of him. Shortly after the truck stopped, it was struck from behind by a vehicle driven by Mr. Andrews. Mr. Bienvenu allegedly suffered injuries to his head and neck as a result of impact. No citations were issued to either Mr. Bienvenu or Mr. Andrews.
On May 17, 2000, Mr. Bienvenu and Mr. Seghers filed suit seeking recovery of damages caused by the accident against Mr. Andrews, as well as a number of other defendants and their insurance companies. Among the original defendants named by the plaintiffs was Damien T. Barker. Prior to trial, the plaintiffs settled their claims against all defendants except Mr. Andrews, including Mr. Barker. Thus, the case proceeded to trial against Mr. Andrews and his insurer alone. Following the trial in this matter, the trial judge entered judgment dismissing the plaintiffs' claims against Mr. Andrews and assigning 100 percent of the fault for the accident to Mr. Barker. Mr. Bienvenu appeals, assigning the following three errors: (1) that the trial court improperly admitted evidence of third-party fault, (2) that the trial court's decision assigning 100 percent of the fault for the accident to Mr. Barker was manifestly erroneous, and (3) that the trial court improperly failed to award damages to the plaintiffs.

ADMISSION OF EVIDENCE OF THIRD-PARTY FAULT
By his first assignment of error, Mr. Bienvenu argues that the trial court improperly allowed Mr. Andrews to present evidence of the fault of Mr. Barker in causing the accident because Mr. Andrews failed to raise third-party fault as an affirmative defense in this case. Mr. Bienvenu notes that Mr. Andrews' answer to the petition does raise the affirmative defense of Mr. Bienvenu's comparative negligence, but does not raise third-party fault. Accordingly, immediately prior to trial, Mr. Bienvenu brought a motion in limine to prevent Mr. Andrews from presenting evidence of third-party fault; the trial judge denied that motion in limine.
La. C.C.P. 1005 requires that the defendant's answer "set forth affirmatively" a number of affirmative defenses; third-party fault is not listed in the article as an affirmative defense. However, it is well-settled in Louisiana law that the list of affirmative defenses included in the article is illustrative, not exclusive. Walls v. American Optical Corp., 98-0455, p. 6 (La.9/8/99), 740 So.2d 1262, 1267, citing Maraist & Lemmon, Louisiana Civil Law *1080 Treatise, Civil Procedure, § 6.9 (West 1999).
Our review of Louisiana jurisprudence indicates that both the Louisiana Supreme Court and every circuit appellate court in this state has implicitly recognized third-party fault as an affirmative defense. See Rougeau v. Hyundai Motor America, 01-1182, p. 2 (La.1/15/02), 805 So.2d 147, 150; Bozeman v. State, 34,430, p. 15 (La.App. 2 Cir. 4/4/01), 787 So.2d 357, 368; Winn v. Industrial Crane Rental, Inc., XXXX-XXXX (La.App. 3 Cir. 10/25/00), 772 So.2d 821, 823; Airline Skate Center, Inc. v. Cieutat, 99-525, p. 2 (La.App. 5 Cir. 12/21/99), 759 So.2d 813, 814; River Marine Contractors, Inc. v. Board of Commissioners for St. Bernard Port, Harbor and Terminal District, 605 So.2d 654, 655 (La.App. 4 Cir. 1992).
However, an issue does not automatically become an affirmative defense, as that term is defined by Louisiana caselaw, simply because it appears among the items listed in La. C.C.P. art. 1005, or because courts have recognized it as an affirmative defense in other cases. Whether an issue is an affirmative defense is a question of fact, determined by the circumstances of the individual case. Louisiana jurisprudence defines an affirmative defense as a defense that "raises a new matter, which assuming the allegations in the petition are true, constitutes a defense to the action." Allvend, Inc. v. Payphone Commissions Co., Inc., XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/23/01), 804 So.2d 27, 29 (emphasis added). Implicit in that definition is the conclusion that a defendant is not required to raise an issue as an affirmative defense if it does not raise a "new matter." Moreover, the purpose of the rule established by La. C.C.P. art. 1005, requiring that defendants specially plead affirmative defenses, is "to give fair notice of the nature of the defense and thereby prevent a last minute surprise to the plaintiff." Id.
A trial judge is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal in the absence of an abuse of that discretion. Miller v. Southern Baptist Hospital, XXXX-XXXX, p. 5 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15. In the instant case, neither the definition of affirmative defense nor the purpose underlying the rule requiring that affirmative defenses be specially plead apply. As the issue of Mr. Barker's fault was raised by the plaintiff's original petition, the issue of third-party fault cannot be considered a "new matter" under the facts of this case. Moreover, Mr. Bienvenu, who initially raised the issue of Mr. Barker's fault, certainly was on notice of the existence of the issue and just as certainly was not surprised at the last minute to learn that third-party fault was an issue in the case.
Moreover, the trial judge was required under the provisions of La. C.C.P. art. 1812, as amended by the 1996 Louisiana Legislature, to quantify the fault of all persons responsible for the plaintiffs' damages, regardless of whether the person is a party to the case, and regardless of whether the person has already settled with the plaintiffs. Accordingly, we find no abuse of the trial court's discretion in the decision to admit evidence of third-party fault.

LIABILITY FOR ACCIDENT
By his second assignment of error, Mr. Bienvenu argues that the trial court's decision assigning 100 percent of the fault for the accident to Mr. Barker was manifestly erroneous. Mr. Bienvenu raises two subissues under this assignment of error: (1) whether Mr. Andrews presented sufficient evidence to prove the affirmative defense of third-party fault by a preponderance of *1081 the evidence, and (2) whether the trial judge should have applied the adverse presumption that Mr. Barker's testimony would have been unfavorable to Mr. Andrews because Mr. Andrews failed to call him as a witness at trial.

Sufficiency of evidence
Concerning the sufficiency of the evidence presented by Mr. Andrews to prove that the accident in question was caused by third-party fault, we note initially that Mr. Bienvenu's argument on this issue is based on his assertion that third-party fault is an affirmative defense in this case, an assertion that we have already rejected. Therefore, the initial burden of proof in this case was on Mr. Bienvenu, who was required to prove by a preponderance of the evidence that the accident was caused by Mr. Andrews. Mr. Bienvenu carried his initial burden of proof by testifying that the vehicle driven by Mr. Andrews struck the vehicle he was driving. At that point, the burden shifted to Mr. Andrews to prove by a preponderance of the evidence that the accident was caused by Mr. Barker's fault, rather than his own fault.
Mr. Bienvenu's primary argument supporting his claim that the evidence presented by Mr. Andrews was insufficient to carry his burden of proving that the accident was caused by Mr. Barker is that the testimony of the two defense witnesses was contradictory. The two parties that testified for the defense were Mr. Andrews and his girlfriend, Lilly Jabers, who was a passenger in Mr. Andrews' vehicle at the time of the accident. Mr. Bienvenu points to the fact that the testimony of Mr. Andrews and Ms. Jabers concerning their activities prior to the accident was contradictory, as Mr. Andrews stated that they had been to a get-together at Ms. Jabers' mother's house where alcohol was available and Ms. Jabers testified that they had been to a "prayer meeting" at her mother's house where no alcohol was available. Moreover, Mr. Bienvenu points out alleged contradictions in their testimony concerning the portion of Mr. Andrews' vehicle struck by Mr. Barker's vehicle. Mr. Andrews testified that Mr. Barker's vehicle struck his vehicle on the driver's side of the taillight and in other areas, pushing him into Mr. Bienvenu's stopped truck. Although Ms. Jabers initially testified simply that Mr. Barker's vehicle struck their vehicle on the driver's side, she later said it struck around the front fender and that the entire driver's side was damaged.
We have carefully reviewed the record evidence presented by Mr. Andrews in this case. Despite the differences in the testimony of Mr. Andrews and Ms. Lilly outlined above, their testimony was consistent concerning the cause of the accident. Both of the defense witnesses testified that Mr. Barker's vehicle struck their vehicle, pushing it into Mr. Bienvenu's vehicle. Moreover, the trial court saw pictures of the damages to the drivers' side of Mr. Andrews' vehicle.
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Carter v. Cox Cable, New Orleans, XXXX-XXXX, p. 2 (La.App. 4 Cir. 12/12/01), 806 So.2d 24, 26, citing Rosell v. ESCO, 549 So.2d 840 (La.1989). The standard to be applied by an appellate court considering credibility determinations made by the trial court is stated in Carter as follows:
Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally *1082 inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Nonetheless, Louisiana Supreme Court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'"
Id. (citations omitted).
In the instant case, the trial court obviously found that the testimony of Mr. Andrews and Ms. Jabers was sufficient to carry Mr. Andrews' burden of proving that the accident in question was caused by the fault of Mr. Barker. The testimony that Mr. Barker's vehicle struck Mr. Andrews' vehicle, pushing it into Mr. Bienvenu's vehicle, is not contradicted by any documents or objective evidence. Moreover, the testimony of the two witnesses on that issue is not "so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story." Id. Thus, no basis for finding that the trial court's decision was manifestly erroneous exists on the record in this case.
Because Mr. Andrews presented sufficient evidence to carry his burden of proving that the accident in this case was caused by third-party fault, the burden shifted back to Mr. Bienvenu to overcome the evidence of third-party fault presented by Mr. Andrews. However, Mr. Bienvenu admitted at trial that he did not see what happened behind him before the accident occurred, and that he saw Mr. Barker and his vehicle at the scene of the accident. Mr. Bienvenu did testify that Mr. Barker's vehicle was not stopped right against Mr. Andrews' vehicle, as Mr. Andrews and Ms. Jabers testified. However, the trial court did not view that testimony as sufficient to overcome the evidence of third-party fault presented by Mr. Andrews. As the trial court's decision on that issue also involved a credibility call, we cannot say that it is manifestly erroneous.

Application of adverse presumption
Concerning Mr. Andrews' failure to call Mr. Barker as a witness at trial, Mr. Bienvenu argues that the trial court should have applied the rule enunciated by this court in Gurley v. Schwegmann Supermarkets, Inc., 617 So.2d 41 (La.App. 4 Cir.1993), as follows:
A trial court may utilize the adverse presumption rule when a witness with peculiar knowledge of material facts pertinent to the case is not called to testify. Don Smart & Associates v. Lanier Business Products, 551 So.2d 665 (La. App. 1st Cir.1989). The rule has been applied when a key witness was subpoenaed, but was not called to testify. Hoffman v. Schwegmann Giant Super Markets, Inc., 572 So.2d 825 (La.App. 4th Cir.1990), writ den., 576 So.2d 33 (La.1991). However, the rule may be used when one party makes a showing that the other party has available, but never calls, a material witness, not available to the party seeking to invoke the presumption. Shelvin v. Waste Management, Inc., 580 So.2d 1022 (La.App. 3d Cir.1991). In Shelvin, the Third Circuit stated:
Failure of a party to call a witness creates a presumption that the witness's testimony would have been unfavorable, where that party has the burden of proof, or where that party has some control over, or a close relationship with the witness. The presumption does not apply where the *1083 witness was equally available to either party. Id. at 1027.
The purpose of the adverse presumption rule is that a court may consider the fact that a party did not call a witness, available only to that party, with knowledge of facts not testified to by any other witness, which are pertinent to the case. Once a party makes a showing of this, and the other party does not produce a reasonable explanation for its failure to call that witness, the court may presume that the witness's testimony would have unfavorable. The court may consider this presumption as it would any other relevant evidence in the case. Comeaux v. Poindexter, 527 So.2d 1184 (La.App. 3d Cir.1988).
Id. at 43.
In the instant case, Mr. Bienvenu has failed to show that Mr. Barker's testimony was available only to Mr. Andrews, or that he did not have equal access to Mr. Barker's testimony. Because Mr. Bienvenu did not make that showing on the record of this case, Mr. Andrews was not given an opportunity to "produce a reasonable explanation for [his] failure to call" Mr. Barker. Id. Moreover, nothing in the record of the instant case indicates that Mr. Barker had "knowledge of facts not testified to by any other witness, which are pertinent to the case." Id. Accordingly, the trial court properly failed to apply the adverse presumption rule.

CONCLUSION
Because we have found no manifest error in the trial court judgment assigning 100 percent of the fault for the accident that is the subject of this appeal to Mr. Barker, we pretermit Mr. Bienvenu's third assignment of error relative to the trial court's failure to award him damages against Mr. Andrews. The trial court judgment is hereby affirmed.
AFFIRMED.