DENNIS R. BAGNERIS, SR., Judge.

STATEMENT OF THE CASE

The relators seek review of a judgment granting a motion in limine filed by the *1162 plaintiffs, Shantell and Leon Pernieiaro, precluding the relator from introducing evidence of relator Leon Perniciaro’s criminal record. The judgment was rendered on May 17, 2002. The relators filed their notice of intention to seek supervisory writs on May 20, 2002. The trial court granted the motion for supervisory writ application.

FACTS

The instant case arises out of a petition for damages for personal injuries allegedly sustained by plaintiff Leon Pernieiaro. On December 30, 1999, Mr. Pernieiaro allegedly fell from a ladder attached to the J.C. Penney building at Lakeside Shopping Center. On the date of the incident, the Ellis Company employed the relator.
The plaintiffs filed a Motion in Limine to exclude Leon Perniciaro’s criminal record and failed urinalysis test results. In response, the relators filed an opposition to the plaintiffs motion. At the May 10, 2002, hearing the trial court granted the plaintiffs motion in part and denied it in part. The trial court excluded |2aII evidence of Leon Perniciaro’s criminal record except for a June 1, 1998, guilty plea to a simple battery charge in St. Tammany Parish.

DISCUSSION

The relators argue the trial court erred by granting the plaintiffs’ motion in limine to prohibit the introduction of evidence regarding Leon Pernieiaro’s criminal record and failed urinalysis test.
La. C.E. art. 609 provides in part:
A. General civil rule. For the purpose of attacking the credibility of a witness in civil cases, no evidence of the details of the crime of which he was convicted is admissible. However, evidence of the name of the crime of which he was convicted and the date of conviction is admissible if the crime:
(1) Was punishable by death or imprisonment in excess of six months under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party; or
(2) Involved dishonesty or false statement, regardless of the punishment.
B. Time limit. Evidence of a conviction under this Article is not admissible if a period of more than ten years has elapsed since the date of the conviction.
F. Arrest, indictment, or prosecution. Evidence of the arrest, indictment, or prosecution of a witness is not admissible for the purpose of attacking his credibility.
La. C.E. art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
IsThe relators argue that La. C.E. art. 609 allows the introduction of recent felony convictions to impeach the credibility of another party, and the trial court erred by precluding the introduction of Leon Perni-ciaro’s 1998 guilty plea to possession with the intent to distribute marijuana, which occurred in 1995. Although the trial court did not give reasons for its judgment it can be inferred that La. C.E. art. 609(B) was applied, which does not allow crimes that occurred at least ten years ago to be admitted. La. C.E. art. 609 also prevents the introduction of the plaintiffs past burglary charge to which he pled guilty to a lesser offense in May, 1987.
The relators further argue because the urinalysis test is not an arrest, indictment or prosecution it does not fall within the *1163 purview of La. C.E. art. 609. To support their argument the relators cite Maher v. New Orleans Police Department, 2000-1751 (La.App. 4 Cir. 5/30/01), 788 So.2d 1250 and Montegue v. City of New Orleans Fire Department, 95-2166 (La.App. 4 Cir. 5/29/96), 675 So.2d 810 for the proposition that in the context of wrongful termination this court has recognized the importance of failed drug test evidence. However, the instant case is distinguishable from those cited by the relators. As the relators pointed out, the urinalysis tests in those cases were allowed in the context of wrongful termination. The relators do not argue and do not provide any proof that the plaintiffs failed drug test was given in connection with his employment. Additionally, La. C.E. art. 403 allows the trial court, at its discretion, to exclude evidence if the probative value is outweighed by its prejudicial effect.
The relators aver that the evidence of the plaintiffs criminal record had independent relevance. The relators argue the plaintiffs employer, the Ellis Company, was negligent in hiring the plaintiff without conducting a background |4check and drug testing. The relators further argue that because the duty-risk analysis applies the evidence of the plaintiffs criminal record and failed urinalysis test - should be admitted to show the Ellis Company breached its duty to provide a safe work site and to insure the safe practices of its employees. To support this argument the relators cite Harrington v. Louisiana State Board of Elementary and Secondary Education, 97-1670 (La.App. 4 Cir. 5/20/98), 714 So.2d 845; Garrett v. Fleetwood, 93-2382 (La.App. 4 Cir. 9/29/94), 644 So.2d 664 and Hoffman v. Schwegmann Giant Supermarkets, Inc., 572 So.2d 825 (La.App. 4 Cir.1990). However, the instant case seems distinguishable from those cited by the relators. In the cases cited, the employers were found to be negligent in hiring the employees when the employees during the course and scope of their duties injured a third party. As a result, the criminal records of the employees were admitted to support the finding of negligence. In the instant case, the plaintiff is seeking damages for his alleged personal injuries. Additionally, if the rational of the relators’ argument is applied to the instant case, the plaintiffs criminal record should be admissible to show the Ellis Company was negligent in hiring the plaintiff without a background check because the plaintiff injured himself.
Accordingly, we find no error in the trial court’s ruling; therefore, this writ application is denied.
WRIT DENIED.