Judge Terri F. Love
[ i This appeal arises from debris removal activity in the Duvic drainage canal following Hurricane Katrina. Plaintiffs alleged that their property was damaged because ■the defendants dug a steeper slope in the canal, allegedly causing the land to slough off into the canal. Defendants all filed motions for summary judgment contending that they were statutorily immune pursuant to La. R.S. 9:2800.17. Plaintiffs countered that immunity does not apply to gross negligence; The trial court found that the defendants were statutorily immune, and that plaintiffs failed to allege or present evidence of gross negligence over the course of the six-year suit. The defendants’ motions for summary judgment were granted.
The plaintiffs appeal contending that the trial court abused its discretion by not permitting late supplementation of their opposition to the summary judgment, erred by finding that all of the defendants were immune, and erred by finding that no genuine issues of material fact existed as to gross negligence. We find that the trial court correctly determined that the defendants were all immune from suit based on La. R.S. 9:2800.17, as the record is devoid of any evidence of gross negligence. Additionally, the trial court was well within its vast discretion by limiting supplementation of the motions for summary judgment after the hearing | ^concluded. Accordingly, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following Hurricane Katrina, the Plaquemines Parish Government (“PPG”) began a project to clean out hurricane *1031 debris and silt from the Duvic drainage canal, owned and maintained by PPG, in Boothville, Louisiana. In conjunction with this project, All South Consulting Engineers, LLC (“All South”) entered into a subcontract with PPG to provide “monitoring services” and “Project Management” of the removal of storm debris from rights of way, private property and waterways.[1] DRC Emergency Services, LLC (“DRC”) also entered into a contract with PPG wherein DRC agreed to remove debris from PPG’s drainage canals. DRC then entered into a subcontract with Cahaba Disaster Recovery, LLC (“Cahaba”) wherein Cahaba contracted to remove hurricane debris “from public right-of-way and other areas as directed by DRC and PPG.” Cahaba and CDP Corp., Inc. (“CDP”) entered into a subcontract for CDP to also remove debris in Plaquemines Parish, Essex Insurance Company (“Essex”) insured CDP.
In June 2008, work was underway clearing the Duvic canal. During the dredging, immovable property and buildings, owned by Fin & Feather, LLC and Fin & Feather Chalets, LLC (collectively “Fin & Feather”), located along the canal were allegedly damaged by land sloughing off into the canal. As a result, Fin & Feather filed a Petition for Damages against Plaquemines Parish, PPG, DRC, Cahaba, and All South asserting negligence and contending that the “excavation activities went beyond or otherwise caused damage beyond the drainage canal servitude.” DRC and Cahaba then filed a third-party demand against CDP and Essex.
lain October 2010, proceedings were stayed due to Chapter 11 bankruptcy protection of CDP. In May 2013, the stay was amended to reflect that only actions against CDP remained stayed. Essex then filed a Motion for Summary Judgment averring that Fin & Feather’s damages were unambiguously excluded from the insurance policy, so no coverage or duty to defend existed. The trial court granted Essex’s Motion for Summary Judgment in part, finding that policy 9CC4123 did not provide coverage to Fin & Feather, but denied the motion as to policy 3C00086.
PPG then filed a third-party cross-claim against DRC and Safeco Insurance Company of America. Subsequently, All South fíléd a Motion for Summary Judgment contending that no duty was owed to Fin & Feather and claiming statutory immunity, as provided by La. R.S. 9:2800.17. Essex filed a Motion to Adopt All South’s Motion for Summary Judgment in regards to the La. R.S. 9:2800.17 claims. DRC and Cahaba also filed a Motion for Summary Judgment based on statutory immunity. PPG’s Motion for Summary Judgment followed. The trial court granted all four motions for summary judgment, finding that Essex, All South, DRC, Cahaba, and PPG were immune from suit pursuant to La. R.S. 9:2800.17, and that no genuine issues of material fact exist as to gross negligence.
Fin & Feather appealed asserting that the trial court: 1) abused its discretion by limiting supplementation of the opposition to the motion for summary judgment, 2) erred by finding that La. R.S. 9:2800.17 applied to ■ all of the defendants, and 3) erred by finding that no genuine issues of material fact exist as to gross negligence.

JjSUMMARY JUDGMENT

“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” *1032 La. C.C.P. art. 966(A)(2). “The procedure is favored and shall, be construed to accomplish these ends.” Id. A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits ... show that there is no genuine issue of material fact, and that the mover is entitled to judgment as-a matter of law.” La. C.C.P. art. 966(B)(2). “[U]n-verified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered; ‘merely stapling them to a motion for summary judgment’ does not ‘magically[1] transform such documents into competent summary judgment evidence.” Williams v. Mem’l Med. Ctr., 03-1806, pp. 14-15 (La.App. 4 Cir, 3/17/04), 870 So.2d 1044, 1053, quoting Schully v. Hughes, 00-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222.
“The burden of proof remains with the movant.” La. C.C.P. art. 966(C)(2). However, “if the movant will not bear the burden of proof at trial,” the movant need not “negate all essential elements of the adverse party’s claim ... but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.” Id. “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.
Appellate courts review the grant of a motion for summary judgment de novo. Hebert v. St. Paul Fire & Marine Ins. Cos., 99-0333, p. 3 (La.App. 4 Cir. 2/23/00), 757 So. 2d 814, 815. “Appellate courts use the ‘same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.’ ” Wein-traub v. State Farm Fire & Cas. Co., 08-0351, p. 2 (La.App. -4 Cir. 10/29/08), 996 So.2d 1195, 1196-97, quoting Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638.

SUPPLEMENTATION

Fin & Feather contends that the trial court abused its discretion by denying leave to supplement, the opposition to motions for summary judgment “considering that the immunity defense had not even been properly asserted by three of the defendants.” However, Fin & Feather did not cite any law or jurisprudence to support the position.
La. C.C.P. art. 966(B)(1) provided that an opposition to a motion for summary judgment shall be filed “within the time limits provided in District Court Rule 9.9.” District Court Rule 9.9(c) stated that an opposition should be filed “at least eight calendar days before the hearing, unless the court sets a shorter time.” Fin & Feather filed a Motion for Leave of Court to File Supplemental Memorandum in Opposition to Motions for Summary Judgment on September 23, 2015, which was two days after the hearing on the motions.
“The abuse-of-discretion standard is highly deferential to the trial judge’s determination under consideration.” A.S. v. D.S., 14-1098, p. 17 (La.App. 4 Cir. 4/8/15), 165 So.3d 247, 257. “When called upon to review discretionary rulings by a trial judge, we are highly deferential to the trial judge.” Baker Ready Mix, LLC v. Crown Roofing Servs., Inc., 15-0565, p. 7 (La.App. 4 Cir. 12/16/15), 183 So. 3d 622, 626. “Nevertheless, a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law.” A.S., 14-1098, p. 17, 165 So.3d at 257. “An abuse of discretion, however, generally re- *1033 suits from a conclusion reached capriciously or in an arbitrary manner.” Id.
Considering that Fin & Feather attempted to supplement the opposition after the conclusion of the hearing and the trial court’s vast discretion, we do not find that the trial court abused its discretion by denying leave to file the supplemental opposition.

STATUTORY IMMUNITY & GROSS NEGLIGENCE

Fin & Feather next asserts that the trial court committed manifest error by finding that no genuine issues of material fact exist as to gross negligence, an exception to the statutory immunity provided by La. R.S. 9:2800.17. Fin & Feather contends that the defendants bore the burden of proving that gross negligence was not present.
Fin & Feather alleges that the Defendants did not properly plead the affirmative defense of statutory immunity pursuant to La. R.S. 9:2800.17. La. C.C.P, art. 1005 provides that:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estop-pel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
“Louisiana jurisprudence defines an affirmative defense as a defense that ‘raises a new matter, which assuming the allegations in the petition are true, constitutes a 17defense to the action.’ ” Bienvenu v. Allstate Ins. Co., 01-2248, p. 5 (La.App. 4 Cir. 5/8/02), 819 So.2d 1077, 1080, quoting Allvend, Inc. v. Payphone Commissions Co., Inc., 00-0661, p. 3 (La.App. 4 Cir. 5/23/01), 804 So.2d 27, 29. “Generally, an affirmative defense must be pleaded or it is waived.” Allvend, 00-0661, p. 6, 804 So.2d at 30. However, “[i]mplicit in that definition is the conclusion that a defendant is not required to raise an issue as an affirmative defense if it does not raise a ‘new matter.’ ” Bienvenu, 01-2248, p. 5, 819 So.2d at 1080. The purpose of requiring that affirmative defenses are pled “is ‘to give fair notice of the nature of the defense and thereby prevent a last minute surprise.’ ” Id., 01-2248, p. 6, 819 So.2d at 1080, quoting Allvend, 00-0661, p. 6, 804 So.2d at 30.
All South pled the exceptions of no cause and no right of action based on La. R.S. 9:2800.17 in its answer- on November 3, 2009, which was a few months after Fin & Feather filed suit. Subsequently, All South relied upon La. R.S. 9:2800.17 in the Motion for Summary Judgment filed on April 2, 2015. The motion was adopted by Essex, while DRC and Cahaba filed a similar motion on July 13, 2015. PPG also filed a Motion for Summary Judgment on September 2, 2015.[2] Prior to the hearing on the motions for summary judgment, Essex also filed a Motion for Leave to File a Supplemental and Amended Answer to add La. R.S. 9:2800.17 as an affirmative defense. The trial court granted the motion after the hearing.
Accordingly, the record demonstrates that Fin & Feather was aware of the statutory immunity defense by November 3, 2009, which was approximately six years prior to the hearing on the motions for *1034 summary judgment. Notably, Fin & | ^Feather did not object to the presentation of La. R.S. 9:2800.17 at the hearing on the motions for summary judgment. When questioned by the trial court, counsel for Fin & Feather stated that “that may be hyper-technical in nature, but only one of these Defendants put this—put the statute in a responsive pleading and that was in an Exception.” The trial court responded: “I think it’s hyper-technical because I think the statute says what it says.”
La. C.C.P. art. 1005 provides that a trial court can treat the exception as an affirmative defense. The purpose of requiring affirmative defenses to be pled in the answer is to give fair notice to the plaintiff and avoid trial by ambush. Six years gave Fin & Feather “fair notice” of the defense. Accordingly, based on the facts and circumstances presented in the case sub judi-ce, we do not find that the trial court erred by finding that statutory immunity pursuant to La. R.S. 9:2800.17 was properly before the court.
La. R.S. 9:2800.17 was passed in 2006, and was intended to apply retroactively to August 29,2005, and prospectively through August 28, 2008. La. R.S. 9:2800.17 stated, in pertinent part:
[t]he state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and their agents, employees, contractors, volunteers, or representatives engaged in any operational decisions or activities in the aftermath of Hurricanes Katrina and Rita shall not be civilly liable for the death of, or any injury to, any person or damage to property as a result of such activity, except in the event of gross negligence or willful misconduct.
Gross negligence and willful misconduct are the two exceptions to the statutory immunity provided by the now expired version of La. R.S. 9:2800.17. It is undisputed that the alleged negligent actions occurred during the pendency of La. |9R.S. 9:2800.17.
As such, we must determine whether the trial court erred by finding there were no genuine issues of fact as to gross negligence. “‘Reckless disregard’” is, in effect, “ ‘gross negligence.’ ” Rabalais v. Nash, 06-0999, p. 5 (La. 3/9/07), 952 So.2d 653, 658. “Gross negligence has been defined as the ‘want of even slight care and diligence’ and the ‘want of that diligence which even careless men are accustomed to exercise.’ ” Rabalais, 06-0999, p. 5, 952 So.2d at 658, quoting Ambrose v. New Orleans Police Dep’t Ambulance Sem, 93-3099, 93-3110, 93-3112, p. 5 (La. 7/5/94), 639 So.2d 216, 219. “Gross negligence has also been termed the ‘entire absence of care’ and the ‘utter disregard of the [sic] of prudence, amounting to complete neglect of the rights of others.’ ” Rabalais, 06-0999, pp. 5-6, 952 So.2d at 658, quoting Hendry Corp. v. Aircraft Rescue Vessels, 113 F.Supp. 198 (E.D.La. 1953). “Additionally, gross negligence has been described as an ‘extreme departure from ordinary care or the want of even scant care.’ ” Rabalais, 06-0999, p. 6, 952 So.2d at 658, quoting W. Page Keeton, et. al., Prosser & Keeton on the Law of Torts, § 34, at 211 (5th ed. 1984); 65 C.J.S. Negligence, § 8(4)(a), at 539-40 (1966 & Supp. 1993).
“A party defendant who asserts an affirmative defense bears the burden of proof thereof.” New Amsterdam Cas. Co. v. Culotta, 230 So.2d 339, 341 (La.App. 4th Cir.1970). As such, once the Defendants demonstrated that the statutory immunity of La. R.S. 9:2800.17 applied, Fin & Feather had the burden to show that genuine issues of material fact existed as to the defendants’ alleged gross negli *1035 gence.[3] “Argument of counsel and briefs, no matter how artful, are not | ^sufficient to raise a genuine issue of material fact.” Held v. Avondale Indus., Inc., 95-1788, p. 3 (La.App. 4 Cir. 4/3/96), 672 So.2d 1106, 1108.
Fin & Feather maintains that the Defendants bore the burden to prove that there was no gross negligence on summary judgment. This is an incorrect interpretation of burden shifting.
Fin & Feather would bear the burden of proof at trial. The Defendants, as the movers on the motions for summary judgment and the parties asserting an affirmative defense, bore the burden “to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim.” La. C.C.P. art. 966(C)(2). The Defendants demonstrated that La. R.S. 9:2800.17 immunity applied, and that an absence of factual support existed as to gross negligence. Accordingly, the burden then shifted to Fin & Feather “to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.” La. C.C.P. art. 966(C)(2).
Fin & Feather admitted in the Opposition to Motions for Summary Judgment that gross negligence was not pled or contained in the Petition for Damages. Fin & Feather now contends that a jury should determine whether the act of Defendants’ “blatant disregard of sound engineering practice” by altering the dredging plan to avoid the destruction of private property was an utter, reckless disregard or an extreme departure from ordinary care sufficient to constitute gross negligence. However, as we stated above, artful argument does not create a genuine issue of material fact, and no evidence of gross negligence was presented. Additionally, Fin & Feather asserts that the exhibits attached to the supplemental opposition to the motions for summary judgment present a question of gross negligence. However, as we found above, the trial court did not abuse its | ^discretion by denying leave to file the supplemental opposition. Thus, those exhibits are not before this Court for consideration. Lastly, Fin & Feather avers that it should be allowed to amend the petition to plead gross negligence. Fin & Feather admitted at the hearing that it had not taken any depositions in the six-year ti-mespan, then requested sixty more days. The trial court denied the request because Fin & Feather had six years to amend the pleadings, gather evidence, and take depositions relative to La. R.S. 9:2800.17. Considering the factors discussed above, we do not find that the trial court erred by determining that no genuine issues of material fact existed as to gross negligence, as there was no evidence of actions reaching that level of egregiousness.

SUBCONTRACTORS

Fin & Feather contend that Caha-ba and Essex are not entitled to immunity pursuant to La. R.S. 9:2800.17 because they were subcontracted by contractors working for PPG. Fin & Feather assert that La. R.S. 9:2800.17 was meant to protect “parish government and its ‘contractors’, not to subcontractors.”
“The rules of statutory interpretation provide that a law must be applied as written if it is clear and unambiguous and its application does not lead to absurd consequences; with regard to such laws, no further interpretation may be made in search of the intent of the legislature.” Medine v. Geico Gen. Ins. Co., 97-2393, 97-2775 to 97-2778, pp. 3-4 (La.App. 4 Cir. 11/17/99), 748 So. 2d 532, 535. La. R.S. 9:2800.17 was enacted to protect those en *1036 tities involved in Hurricanes Katrina and Rita related work from simple negligence. To find that subcontractors are not immune would lead to absurd results by arbitrarily defeating the purpose of the statute. Thus, we find this argument lacks merit and affirm the judgment of the trial court.
| ijjDECREE
For the above-mentioned reasons, we find that the trial court did not abuse its discretion by denying Fin & Feather leave to supplement its opposition to the motions for summary judgment after the hearing on the motions. We also find that the trial court did not err by considering the affirmative defense of immunity pursuant to La. R.S. 9:2800.17, or finding that no genuine issues of material fact exist as to gross negligence. Lastly, we find that La. R.S. 9:2800.17 applied to contractors and their subcontractors involved in hurricane related work for PPG. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED

. PPG, DRC, Cahaba, Essex, and All South are collectively referred to as the “Defendants.”

. The record only contains PPG’s Motion for Summaty Judgment. Because we do not have the memorandum in support of said motion, we cannot speculate as to the inclusion of La. R.S. 9:2800.17.

. Fin & Feather conceded that willful misconduct was not pled or asserted. Therefore, gross negligence is the only exception before the Court.